(No. 36283.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT R. BROWN, Plaintiff in Error.

*Opinion filed May 25, 1962.*

HAIG APOIAN, of East St. Louis, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN M. KARNS, JR., State's Attorney, of Belleville, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and CHARLES HAMILTON, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court.

Defendant was convicted of murder and was sentenced to the penitentiary for a term of 20 years. On this writ of error, he contends that he was not tried within the time prescribed by law, that the evidence is insufficient to sustain

the verdict, and that the court committed prejudicial error in the admission of evidence.

Defendant was indicted on December 22, 1959. On February 6, 1960, he was extradited from the State of Ohio to St. Clair County, Illinois, where he remained in confinement, without bail, until his trial, which commenced on July 18, 1960. On June 10, 1960, he had filed a motion for discharge for want of prosecution. The People filed an affidavit of an assistant State's Attorney, alleging that, on April 27, 1960, the court had granted a continuance to permit the People to secure certain evidence. The defense filed counteraffidavits disputing the correctness of the affidavit filed by the People, and also filed a motion to strike the People's affidavit. The court denied defendant's motion for discharge.

Our constitution guarantees every person charged with a crime the right to a speedy trial. (Constitution of 1870, art. II, sec. 9.) The constitutional provision has been implemented by a statute providing that any person committed for a criminal offense, and not admitted to bail, and not tried within four months of the date of commitment "shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at a later day in which case the court may continue the cause for not more than sixty (60) days." Ill. Rev. Stat. 1959, chap. 38, par. 748.

It is undisputed that, at the time of defendant's motion for discharge, more than four months had elapsed since his commitment, he had not been admitted to bail, he had not been brought to trial, and no delay had happened on his application. He was, therefore, entitled to discharge unless the court had granted a continuance satisfying the require-

ments of the proviso appearing in the above-quoted portion of the statute.

The court records contained nothing to show that such a continuance had ever been granted. The affidavit of the assistant State's Attorney, filed in answer to the motion for discharge, alleged that the case was on the docket of jury cases for April 27, 1960; that on that date both the People and the defendant answered ready for trial; that another case was tried first, and defendant's case was set over until 1:30 P.M.; that shortly before that hour, affiant informed the presiding judge that, although he had answered ready for trial, he was of the opinion that certain material evidence was lacking and that the prosecution had made every effort to obtain such evidence and that he was sure that this evidence could be obtained within 30 or 40 days, and that he then informed the court of the evidence involved and the efforts made to secure it. The affidavit goes on to allege that the court then informed the affiant that he was satisfied that an honest effort had been made to obtain the evidence and that the court was convinced that such evidence could be procured within 30 or 40 days; that the court then informed affiant that the court was going to continue the case to a later date and suggested that the case be placed upon the next setting of criminal cases to be tried by jury. The affidavit further alleged that affiant then asked the court if he was continuing the cause to permit the prosecution to obtain the additional evidence, and that the court replied that this was his reason. The affidavit further alleged that the additional evidence had been obtained and that the case was set for trial on June 30, 1960.

If a continuance had been granted on April 27, 1960, as claimed by the People, that fact should have appeared in the trial court's record. If the continuance had, in fact, been granted by the court but, through clerical omission, was not reflected in the record, the record should have been

amended to make it speak the truth. Apparently no attempt was made on behalf of the People to have the record corrected. The report of procedings indicates that the presiding judge with whom the assistant State's Attorney allegedly had the conversation relating to a continuance had no recollection of the matter. The only suggestion that such a continuance was granted is in the affidavit of the assistant State's Attorney, and the question is whether this affords a sufficient basis for the denial of the motion for discharge.

The case of *People* v. *Tamborski,* 415 Ill. 466, relied upon by the People, is not in point. That case held merely that the trial court could grant a continuance for the purpose of enabling the People to procure additional evidence even though the People had not made a formal motion for a continuance. In the *Tamborski* case, however, the record clearly showed that a continuance had been granted and also contained sufficient information to indicate that it had been granted to enable the People to procure evidence. In the present case, the fatal lack is not the absence of a motion on the part of the People, but the absence of anything in the record to show that such a continuance was granted by the court. In our opinion, this lack could not be supplied by the unsupported affidavit of an assistant State's Attorney.

Even if we were to accept the dubious premise that the granting of the continuance could be established by affidavit, the affidavit filed in this case would be insufficient. There is a distinction between a judicial act of a court and a statement by the judge. If the allegation of the affidavit be accepted as true, they show no more than a statement by the judge of his intention or willingness to grant a continuance, and do not establish any judicial act by the court actually granting the continuance. Moreover, even if a continuance were granted, as contended by the People, it did not meet the requirements of the statute. The statute provides that the court, when satisfied "that due exertion has been made to procure the evidence on behalf of the People and that there

is reasonable ground to believe such evidence may be procured at a later day  \*  \*  \*  may continue the cause for not more than sixty (60) days." (Ill. Rev. Stat. 1959, chap. 38, par. 748.) The alleged continuance, as described in the affidavit, was either granted without any definite time limitation or was a continuance from April 27 to June 30. In neither event would it comply with the 60-day limitation of the statute.

We hold that the trial court erred in refusing to grant the motion for discharge. Our holding on this point makes it unnecessary to consider the other contentions made by defendant.

The judgment of the circuit court of St. Clair County is reversed.

*Judgment reversed.*