(No. 49082.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. WALTER GRANT, Appellee.

*Opinion filed October 5, 1977.*

2

GOLDENHERSH, J., dissenting.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Renee G. Goldfarb, Assistant State's Attorneys, of counsel), for the People.

James Geis, Deputy Defender, and Martin Carlson, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Defendant was convicted of the crime of voluntary manslaughter by a jury in the circuit court of Cook County. The appellate court reversed the conviction, holding that defendant's statutory right to a speedy trial (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) had been violated. (42 Ill. App. 3d 790.) We granted the State's petition for leave to appeal, pursuant to Supreme Court Rule 315 (58 Ill. 2d R. 315).

The defendant, Walter Grant, was arrested on January 25, 1973, for the murder of Jake Crosby. He was never released on bail. He was arraigned on April 5, 1973, and after several intervening continuances, the cause was continued by agreement of the parties to September 19, 1973. Seven subsequent continuances—all by order of court—resulted in the case being set for trial on November 8, 1973. On that date, however, defendant moved to sever his case from his co-defendants, Alexander Anderson and Samuel Green, who had been arrested along with defendant in connection with the alleged murder. The case was continued by order of court to November 14 for a hearing on that matter. On November 14, the court granted defendant's motion to sever and continued the case, on motion of the State, to November 19, 1973. The trial date was extended three more times, by order of court, to January 10, 1974.

On January 10 the State moved for an extension of the 120-day period imposed by the "speedy trial" provisions of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(c)). The State maintained that Daniel Pierce, an assistant State's Attorney who had taken the defendant's confession, was in the hospital and unable to testify at that time. Notwithstanding the fact that defendant's counsel agreed to

stipulate to Pierce's testimony and stated that he would not move to suppress the confession, the court granted the State's request. Trial was set for January 30. On that date defendant filed a motion for discharge asserting that the court erred in granting the extension and that he had not been tried within 120 days of the last agreed continued date (September 19, 1973), as mandated by Illinois law. The court denied the motion and commenced the jury trial, which resulted in defendant's conviction of voluntary manslaughter.

On appeal the appellate court was faced with the novel question of the effect of section 114—4 of the Code of Criminal Procedure of 1963 ("Motion for Continuance") upon the "speedy trial" provisions of section 103—5. The defendant contended that section 103—5(c), which provides for a 60-day extension by the State of the 120-day period within which defendant must be brought to trial "[i]f the court determines that the State has exercised without success due diligence to obtain evidence material to the case," must be read in light of the provisions governing continuances set forth in section 114—4. Section 114—4(c)(2) states that a motion for a continuance made by the State more than 30 days after arraignment may be granted when "[a] material witness is unavailable ***; however this shall not be a ground for continuance if the defendant will stipulate that the testimony of the witness would be as alleged." The defendant argued that it was error for the trial judge to grant the extension under section 103—5 because the qualifying proviso of 114—4(c)(2) had not been met, defendant's counsel having agreed to stipulate to Pierce's testimony. The appellate court agreed that the trial court had improperly extended the period and, since this resulted in a trial beyond the 120-day limit imposed by law, reversed the defendant's conviction.

Whether or not section 114—4(c)(2) has a qualifying

effect on section 103—5(c) is a question heretofore undecided by this court. Because we find that the 120-day period imposed by section 103—5 was tolled by the granting of defendant's motion for severance on November 14, 1973, it is a question we need not decide today.

The 120-day period prescribed by the "speedy trial" provision is tolled by a delay of trial occasioned by defendant. Therefore, if the granting of defendant's motion to sever can be said to constitute "delay occasioned by defendant," it follows that the statutory period was tolled and began anew from the date on which the motion was granted.

That the granting of defendant's motion to sever constitutes a delay attributable to him and tolls the 120-day period is well supported in this State. (*People v. Lee,* 44 Ill. 2d 161; *People v. Bombacino,* 51 Ill. 2d 17.) In *Lee,* defendant's request for a severance was granted on April 19, 1966, and, as this court observed, caused a new period to run as of that date. *Lee* was followed several years later in *Bombacino,* a case that involved similar facts. We find it difficult to distinguish these two cases from the situation before us today.

The defendant would have us consider *Lee* and *Bombacino* in light of *People v. Perry,* 23 Ill. 2d 147. It is true that in *Perry* this court opted to consider the circumstances surrounding the defendant's motion to sever rather than to conclude that delay had resulted by the granting of the motion in and of itself. *Perry,* however, precedes both *Lee* and *Bombacino,* and in our estimation is not controlling. We believe that there is a sound basis for the holdings of the later cases that the granting of a motion to sever *per se* tolls the 120-day provision of the "speedy trial" statute.

The practical aspects of a procurement of a separate trial by one defendant from his co-defendants cannot be ignored. When a severance is granted at least two separate

trials are necessitated, and it becomes impossible to try all the defendants before the same court at the same time. While the precise effect of the motion may vary depending upon the circumstances involved, we consider that the general effect of the motion on the administrative process of bringing the defendant's case to trial justifies the tolling of the period from the date of the granting of the motion.

We have also held that motions for substitution of judges *per se* toll the 120-day period of the speedy trial statute. (*People v. Zuniga,* 53 Ill. 2d 550.) However, while motions for substitution of judges and motions for severance *per se* toll the period, we do not mean to infer that all motions have such an effect. Discovery motions, for example, may have such a negligible effect upon the process of bringing the defendant's case to trial that it would be improper to *per se* charge the defendant with a delay. (*People v. Nunnery,* 54 Ill. 2d 372.) In such cases it becomes necessary to examine the circumstances at hand to determine whether the defendant's acts should result in tolling the 120-day statutory period.

In the case before us today, however, the granting of defendant's motion to sever on November 14 caused a new period to run from that date. Therefore, the defendant's trial on January 30 was well within the statutory limit. Accordingly, we reverse the judgment of the appellate court and remand to that court for a decision on the other issues raised by defendant that were not considered in the appellate court's opinion.

*Reversed and remanded.*

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent. I agree with the well-reasoned opinion of the appellate court and would affirm the judgment on the ground that the plain language of section 114—4(c)(2) proscribed the granting of the People's request for continuance.

Turning to the question decided by the majority, the record shows that on November 14, 1973, when the motion for severance was allowed, the People and defendant were in agreement, and stated to the court, that the "term" for defendant was "not until January 17 [1974]." At that time the court set defendant's trial for November 19, 1973, and on November 19 defendant answered ready for trial. The People moved for continuance, and that delay, and all delays thereafter, were caused by the People. To hold, on this record, that a new period of 120 days commenced on November 14 effects a complete perversion of section 103—5(c). Fortunately the addition of subparagraph (f) (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(f)), although enacted too late to aid this defendant, will preclude the repetition of the injustice which results from the action of the majority.