THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALPHONSO NEWMAN *et al.*, Defendants-Appellants.

First District (1st Division)    No. 77-377

Opinion filed November 28, 1977.

---

Ralph Ruebner and David Mejia, both of State Appellate Defender's Office, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

The question presented is whether defendants' motion for substitution of judges tolled the running of the 120-day period imposed by the "speedy trial" provision cf the Code of Criminal Procedure of 1963. Ill. Rev. Stat. 1975, ch. 38, par. 103—5.

Defendants, Alphonso Newman, Floyd Mitchell and Joseph Donaldson, were indicted for armed robbery and unlawful use of weapons; Alphonso Newman was additionally indicted for possession of a controlled substance. After a jury trial in the circuit court of Cook County, all three defendants were found guilty of armed robbery, defendant Mitchell was found guilty of unlawful use of weapons and defendant Newman was found guilty of possession of a controlled substance. The court sentenced each defendant to imprisonment for from seven to 20 years for armed robbery. Defendants Newman and Mitchell were also each sentenced to a concurrent term of one to three years for unlawful use of weapons and possession of a controlled substance, respectively. Defendants do not challenge the sufficiency of the evidence to convict them.

The defendants were arrested on August 6, 1975, and were not released on bond. They were indicted on September 8, 1975, and arraigned on October 1, 1975, at which time the chief judge of the criminal division assigned the case to one of the circuit judges. (The defendants never moved for substitution of judges as to this judge.) It is uncontested that from November 5, 1975, to March 2, 1976, a period of 118 days, defendants continuously demanded trial and did not cause or agree to any delay in the proceedings.

However, on March 2, 1976, the judge to whom the case had been assigned transferred the case back to the chief judge of the criminal division for reassignment. The case was assigned to another circuit judge and, on that same day, defendants moved for a substitution of judges as to

this new judge. (Ill. Rev. Stat. 1975, ch. 38, par. 114—5(a).) The case was immediately reassigned again by the chief judge of the criminal division to the judge who eventually presided at the trial. On March 10, 1976, defendants moved for their discharge because the State had not brought them to trial within 120 days in violation of section 103—5(a) of the Code of Criminal Procedure. The court denied the motion, calling it "frivolous" and specifically stating that defendants had delayed their trial by their motion to substitute judges on March 2.

■■ Defendants argue that their motion to substitute judges did not cause a delay attributable to them and tolling the 120-day period. However, the supreme court in *People v. Zuniga* (1973), 53 Ill. 2d 550, 554, 293 N.E.2d 595, 597, held that a defendant's motion for substitution of judges constitutes a delay occasioned by the accused: "[T]he motion and reassignment started anew the administrative procedure of bringing the defendant's cases to trial." Defendants urge that *Zuniga* and *People v. Spicuzza* (1974), 57 Ill. 2d 152, 311 N.E.2d 112, are distinguishable on their facts, but we fail to perceive any relevant distinctions. In fact, the supreme court has recently interpreted *Zuniga* as holding that a motion for substitution of judges *per se* tolls the 120-day period of the speedy trial statute. *People v. Grant* (1977), 68 Ill. 2d 1, 368 N.E.2d 909.

■■ Defendants also argue that the delay, if occasioned by their motion to substitute judges, cannot be chargeable to them because they had never moved for a substitution as to the original judge assigned to their cases. Since the case was reassigned on the court's own motion, defendants argue, their motion to substitute after reassignment was occasioned by the court and not by themselves. Defendants cite no authority for this proposition, and we reject it. There is nothing in the record to suggest that the original judge, in having the case reassigned, did anything but seek to ensure that the defendants would have a trial within the 120-day period. Even though the reassignment, the motion for substitution and the second reassignment were accomplished on the same day, "* * * it is impossible to determine if the transfer of defendant[s'] case[s] to another judge's calendar actually advanced or delayed bringing the case to trial. However, it is the nature of the motion itself which causes administrative delay." *People v. Richmond* (1975), 34 Ill. App. 3d 328, 333, 340 N.E.2d 240, 244.

The defendants' motion on March 2, 1976, broke the term and defendants were not entitled to be discharged on March 10.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.