THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARVIN TOOLATE, Defendant-Appellant.

Fourth District   No. 14819

Opinion filed August 11, 1978.—Rehearing denied September 14, 1978.

GREEN, P. J., specially concurring.

Richard J. Wilson and Barbara A. Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Robert C. Perry and Denise M. Paul, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

After being found guilty by a jury in the circuit court of Adams County of the offense of burglary, the defendant was sentenced to a penitentiary term of 6 to 18 years. This appeal followed in which defendant raised four issues: (1) That he was entitled to discharge under the four-term rule; (2) that the prosecutor's cross-examination and closing argument prejudiced him by attempting to impeach him with his prior silence; (3) that the prosecutor's comments on the same subject in closing argument deprived him of a fair trial; and (4) that he is entitled to be sentenced under the Unified Code of Corrections (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—8—1 *et seq.*).

In oral argument, counsel for defendant conceded that under the recent supreme court decision in *People v. Grant* (1978), 71 Ill. 2d 551, 377 N.E.2d 4, defendant could not prevail on the sentencing issue. In view of the position which we take on the four-term rule, we need not concern ourselves with issues (2) and (3), and hence they will not be discussed. For the same reason, a detailed recitation of the facts will be omitted, except for matters relating to motions and other proceedings centering around the four-term issue.

Defendant was taken into custody on August 4, 1977, and on August 8, 1977, a one-count information charging him with burglary was filed. A preliminary hearing followed, and on September 21, 1977, defendant was arraigned, pleaded not guilty, whereupon the cause was set for trial on the "November 14, 1977 jury trial calendar."

Various other pleadings, not significant here, were filed from time to time until November 10, 1977, when a motion was filed by the People. Omitting the caption and other formal portions of the document, it reads as follows:

*"MOTION FOR CONTINUANCE*

Now come the People of the State of Illinois by Assistant State's Attorney, Dennis W. Gorman, and move the Court for a continuance of the above-entitled cause until the December 1977 jury term or such time as the Court may order on the ground that a material witness, to-wit: Harold Meyers, Jr., is unavailable and the prosecution will be prejudiced by the absence of his testimony, and in support of this Motion, the Affidavit of Dennis W. Gorman is filed herewith."

The affidavit attached to the motion recites in substance that Meyers was a participant in the offense, that he had been in custody and had escaped, that his whereabouts was unknown; it further recited that defendant would not stipulate as to his testimony, that the motion was not made for the purposes of delay, that the absence of the witness was without the procurement or connivance of the People, and that subpoenas for two other material witnesses had not yet been served.

The motion was set down for hearing before Judge Dittmeyer on November 14, 1977. The record reveals only that Judge Dittmeyer recited the facts as to the escape of Meyers, took the motion under advisement, and ordered "that the case remain on the November, 1977, jury calendar and that it will be placed on the calendar as the last case to be tried."

On November 17, 1977, the motion was again called up before Judge Scholz. At that time the Assistant State's Attorney stated that "Harold Meyers is in custody in the Menard State Penitentiary and I talked with him yesterday, and he indicated to me that he would be available in a couple of weeks, was the approximate time period given to me."

Elsewhere in the record there is a suggestion that Meyers was being detained in the psychiatric hospital at Menard Penitentiary, but no such representation was made to Judge Scholz at the November 17 hearing.

The defendant objected to any continuance both at the November 14 and the November 17 hearings. No evidence was taken at either hearing, only arguments of counsel. At the conclusion of the November 17 hearing Judge Scholz said, "* * * but I think this is a reasonable request. The motion for continuance to the December calendar is granted."

Neither the State's Attorney nor defense counsel advised either Judge Dittmeyer or Judge Scholz at either the November 14 or the November 17 hearings that there might be any problem under the four-term statute (Ill. Rev. Stat. 1977, ch. 38, par. 103—5). This matter was first raised when defendant filed a motion to dismiss on December 5, 1977, citing as grounds that statute.

Judge Scholz held a hearing on the motion to dismiss on December 9, 1977, and summarized the situation neatly in a portion of his remarks by saying, "While I found nothing in the Statute in that regard and while I did

not think it would be necessary to reach that question, I will state for the record so that if and when it goes up on appeal it's clearly there that it's my opinion—and I hope some Court touches that some day—that this is not delay attributable to defendant. I think the real crux of the matter here is—and I think it may have been missed along the way, but did the State effectively ask for an extension of the one hundred twenty day rule as provided by Subsection C, 103—5, of chapter 38?"

■■ We agree with the trial judge that a fair reading of the record discloses no delays attributable to the defendant and we hold that the State did not effectively ask for an extension under section 103—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(c)).

Two sections of the Code of Criminal Procedure of 1963 deal with continuances: section 103—5 and section 114—4 (Ill. Rev. Stat. 1977, ch. 38, pars. 103—5, 114—4). Unhappily, as so often happens in modern practice, counsel did not specify which section was being invoked, even though the requirements and consequences of each section are very different. This left the trial court in the dark ("I think it may have been missed along the way") and this court groping for the answer.

Section 103—5 requires that the State demonstrate that it has exercised without success due diligence to obtain material evidence and that there are reasonable grounds to believe that such evidence may be obtained at a later day. The court may then extend the 120-day period for not more than 60 days.

On the other hand, section 114—4(c) provides that the State may move for a continuance on the basis that a material witness is unavailable and the prosecution will be prejudiced by his absence. Such a continuance does not extend the 120-day period. It therefore behooves the prosecution, if a 120-day problem exists or is likely to exist, to determine with meticulousness that it is not only in the right church but also in the proper pew.

The matter was dealt with in *People v. Brown* (1962), 24 Ill. 2d 603, 182 N.E.2d 710. In that case the docket did not show a continuance. Counsel made an effort to supply the deficiency with an affidavit of an Assistant State's Attorney. The supreme court rejected such an approach and said:

"Moreover, even if a continuance were granted, as contended by the People, it did not meet the requirements of the statute. The statute provides that the court, when satisfied 'that due exertion has been made to procure the evidence on behalf of the People and that there is reasonable ground to believe such evidence may be procured at a later day * * * may continue the cause for not more than sixty (60) days.' (Ill. Rev. Stat. 1959, chap. 38, par. 748.) The alleged continuance, as described in the affidavit, was either granted without any definite time limitation or was a continuance

from April 27 to June 30. In neither event would it comply with the 60-day limitation of the statute." 24 Ill. 2d 603, 606-07, 182 N.E.2d 710, 713.

We note first that paragraph 748 of the 1959 statute is almost identical with paragraph 103—5 of the 1977 law and that the affidavit in *Brown* makes at least a colorable attempt to comply with paragraph 748.

■■ In the case at bar, the motion of November 10 and its accompanying affidavit make no mention of due diligence to obtain without success material evidence, nor any mention of the prospect of obtaining such evidence at a later day. Both the motion and the affidavit are cast directly from the mold of section 114—4(c), speaking of a material witness and prejudice to the prosecution. Neither did the trial court make any findings under section 103—5, nor did he utilize the 60-day limitation as dictated in *Brown*.

We hold that the motion was made under section 114—4(c)(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—4(c)(2)), and did not toll the 120-day period. Therefore, since defendant was taken into custody on August 4, 1977, and was held without trial and without delay attributable to him, he was entitled to be discharged on December 5, 1977.

The judgment of the circuit court of Adams County is reversed and the defendant ordered discharged.

Reversed.

CRAVEN, J., concurs.


Mr. PRESIDING JUSTICE GREEN, specially concurring:

I agree with the result reached by the majority but arrive at this conclusion by a slightly different route. To the extent that the majority relies upon a rationale that sections 103—5(c) and 114—4 are separate and unrelated provisions setting forth separate and unrelated procedures, I disagree.

I agree with the reasoning and conclusion of the appellate court for the First District in *People v. Grant* (1976), 42 Ill. App. 3d 790, 356 N.E.2d 933, *rev'd on other grounds* (1977), 68 Ill. 2d 1, 368 N.E.2d 909. There the court ruled that the trial court had erred in granting a continuance beyond the 120-day period when the defendant had agreed to stipulate to the testimony of the prosecution witness whose unavailability was the basis for the motion. Section 114—4(c) provides that a motion for continuance based upon unavailability of a prosecution witness shall not be allowed if the defendant agrees to stipulate to what the witness' testimony would be as alleged by the prosecution. The *Grant* court concluded that section

114—4(c) and 103—5 should be considered not as separate provisions but as interrelated ones. Thus, under that ruling, motions to continue beyond the 120-day period are required to meet the requirements of both sections. In reversing upon other grounds the supreme court expressly avoided passing upon the validity of the appellate court's reasoning. However, I agree with the majority in the instant case that the information before the court on November 17, 1977, when the continuance was granted was insufficient to meet the requirements of section 103—5. The court was informed that Meyers had recently been returned to the penitentiary after an escape. No showing was made that he could not be brought before the court in time for a jury trial starting within the 120-day period. The trial judge was not informed that an extension of the 120-day period was in issue and decided the motion without reference to the requirements of section 103—5.

I agree that the subsequent motion for discharge should have been allowed.