NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231464-U

NO. 4-23-1464

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 2, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* D.R. | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois | ) | Rock Island County |
|     Petitioner-Appellee, | ) | No. 23JA2 |
|     v. | ) | |
| Stacey B., | ) | Honorable |
|     Respondent-Appellant). | ) | Theodore G. Kutsunis, |
| | ) | Judge Presiding. |

---

JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court reversed, concluding the trial court erred by not granting
respondent's motion to dismiss the petition for adjudication of wardship after an
adjudicatory hearing was not commenced within the statutory time period.

¶ 2    In January 2023, the State filed a petition for adjudication of wardship as to D.R.

Respondent mother, Stacey B., now appeals from the proceedings, alleging the trial court erred

by failing to grant her motion to dismiss for untimeliness as the adjudicatory hearing was not

held until October 4, 2023. For the following reasons, we reverse the court's denial of the motion

to dismiss and vacate the adjudicatory and dispositional findings.

¶ 3                          I. BACKGROUND

¶ 4    On January 11, 2023, the State filed a petition for adjudication of wardship under

the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2-3 (West 2022)). The State alleged D.R.'s

environment was injurious to her welfare. The petition asserted there were allegations of physical

abuse against D.R.'s siblings, who are not parties to this appeal, and the house respondent was residing in with the children had been deemed unsuitable for habitation. The same day, the trial court ordered temporary custody of D.R. be placed with the Illinois Department of Children and Family Services (DCFS).

¶ 5        On February 9, 2023, the trial court held a pretrial hearing in D.R.'s case and the case for one of D.R.'s siblings, T.F. D.R.'s father, David R., entered his first appearance and was appointed counsel. (David R. is not a party to this appeal). T.F.'s father, Eric F. was also present with counsel. (We note D.R.'s and T.F.'s cases were not consolidated, but the hearings continued to be held in tandem.) D.R.'s case was consolidated with a related order of protection case.

¶ 6        The case was continued to March 10, 2023. A note from the court reporter stated she had no notes pertaining to this case from March 10.

¶ 7        On April 4, 2023, the trial court held a status hearing. DCFS had filed an order of protection pertaining to respondent. The court modified the temporary custody order to align with the order of protection.

¶ 8        On April 27, 2023, the trial court held another status hearing. David R.'s counsel made an oral motion to continue based on his client's absence and additional discovery tendered by the State that morning. Eric F.'s counsel also moved to continue his case. Respondent's counsel objected to the continuance and stated she was "prepared to move forward." The court pressed respondent's counsel on whether she had reviewed the late-disclosed evidence and whether she would call witnesses based on that information. Respondent's counsel stated, "If the Court moves forward with the hearing, Your Honor, we would like to call and have the opportunity to subpoena Bonnie [H.] to testify." The court determined it was 4 p.m. and the court "will be done at 4:30, no matter what." The court elected to continue the case and set the hearing

for June 8, 2023, stating this was a "firm date" and would "not be continued for any reason." Respondent's counsel raised timeliness concerns based on the June 8 date. The court stated,

> "I understand that. But, unfortunately, the way this case, with so many individuals, we have to accommodate the calendars of the lawyers. And this was the quickest date that we could all—this is the quickest date we could all get together to do this. So that's what it's going to be."

An order entered the same day stated, for good cause shown, the matter was continued. Language stating the continuance was "[b]y agreement" was crossed out.

¶ 9        On May 5, 2023, the trial court held a hearing in the order of protection case, during which it ordered Lutheran Social Services of Illinois removed from managing D.R.'s case.

¶ 10       On May 23, 2023, respondent filed a motion for substitution of judge and a motion to dismiss. The motion to dismiss alleged the adjudicatory hearing had not been held within 90 days, based on a starting date of January 11, 2023.

¶ 11       On May 31, 2023, the trial court, with another judge presiding, held a hearing on the motion for substitution and denied the motion.

¶ 12       On June 8, 2023, the hearing, originally scheduled for 1:30 p.m., did not commence until 3:15 p.m. The trial court first addressed the motion to dismiss. Respondent argued the statutory period for the adjudicatory hearing had lapsed. Counsel conceded the original 90-day period had been extended by 30 days for good cause, but she argued the 120-day window lapsed the day before, on June 7, 2023. Respondent maintained she had not agreed to any of the continuances. The court denied the motion, finding the motion to substitute judge tolled the 120-day period, and therefore the June 8 hearing was within the 120-day period.

¶ 13            At this point of the hearing, it was noted respondent's subpoenaed witness could not stay any later. Due to the late hour, the cause was continued to July 24, 2023, and the subpoenas were extended. Respondent did not object to the continuance. An order entered the same day had the "[b]y agreement" language crossed off and showed the matter was continued for good cause shown.

¶ 14            There is no transcript in the record for the hearing on July 24, 2023. An order entered the same day stated the matter was continued, by agreement and for good cause shown, for a status hearing on August 3, 2023.

¶ 15            On August 3, 2023, the trial court held a hearing on a motion to allow *in camera* testimony of D.R. An order entered the same day showed, by agreement and for good cause shown, the adjudicatory hearing was continued to September 6, 2023.

¶ 16            On September 6, 2023, the trial court stated,

"First off, I realize that this was supposed to be a hearing on the merits today. And I do want to apologize to everyone involved, but the fact is I am not able to hear the case today because of some personal health issues with my wife. Basically, she's been put in the hospital today, and so I am not prepared to go forward with an all-afternoon contested hearing."

¶ 17            Respondent objected to the continuance, stating the case had been ongoing for 239 days, and raised an oral motion to dismiss. Counsel stated, "Pursuant to the statute, the Court is to give, with all due respect, specific factual findings why continuing the hearing is in the best interest of the minor" and "only one continuance is to be had for an adjudicatory hearing."

¶ 18            The trial court noted it required all motions be filed seven days prior to the hearing and respondent had not filed a motion to dismiss seven days prior to the September 6,

2023, hearing. Respondent's counsel noted she did not have notice the hearing would not commence seven days prior to the hearing and stated, finally, "[Respondent] wants the Court to know that she's compassionate about the Court's situation, and she's okay with it. She just wants her child in the meantime." The court continued the hearing on its own motion.

¶ 19    On September 21, 2023, respondent filed a motion to dismiss. Based on a starting date of January 11, 2023, respondent argued 267 days had passed without an adjudicatory hearing.

¶ 20    On October 4, 2023, the trial court first addressed respondent's motion to dismiss. The State argued against dismissal, stating "the continuances have either been by agreement or actually at the request of the mother." Respondent's counsel disagreed, as respondent "has maintained the entire time that she wanted this case to move forward and that she didn't agree to the continuances." A representative from DCFS noted for the court respondent agreed to the continuance at the July 24, 2023, hearing.

¶ 21    The trial court agreed the case had "been dragging on for various reasons for ten months" and acknowledged the statutory period. However, the court also highlighted the "good cause" language in the statute. The court stated,

> "There have been some continuances because information that was needed for the hearing was not produced in a timely manner. There have been continuances because the mother, first off, was causing some issues to arise for continuances. She wanted a substitution of judge. It was not—We had to get another judge in here to hear that. I know it was pretty much done in a timely manner but it still caused delays."

Ultimately, the court found it was not in the best interests of the minor to move forward without all of the information and denied the motion to dismiss.

¶ 22       Following the denial of the motion to dismiss, the trial court proceeded to the adjudicatory hearing. The hearing was completed over a two-day period, and D.R. was adjudicated neglected.

¶ 23       In November 2023, the trial court held the dispositional hearing, finding respondent unfit, unable, or unwilling to care for, protect, train, or discipline D.R.

¶ 24       This appeal followed.

¶ 25                              II. ANALYSIS

¶ 26       On appeal, respondent argues the trial court erred in failing to grant her motion to dismiss the petition for adjudication of wardship based on timeliness.

¶ 27                              A. Jurisdiction

¶ 28       Initially, the State argues we do not have jurisdiction to hear respondent's appeal of the denial of her motion to dismiss the adjudicatory proceeding. The State argues, because respondent's notice of appeal lists only the dispositional order, not the adjudicatory order or the orders denying her motions to dismiss, we are without jurisdiction to review the latter.

¶ 29       Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) states the notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." A notice of appeal therefore confers jurisdiction on the appellate court to consider the judgments or parts of judgments specified. *Village of Kirkland v. Kirkland Properties Holdings Co.*, 2023 IL 128612, ¶ 38. We construe notices of appeal liberally, however. *Id.* A notice of appeal confers jurisdiction to review an order not expressly listed if the order was a step in the procedural progression leading to the judgment specified in

the notice of appeal. *Id.* ¶ 41. Adjudicatory orders are a step in the procedural progression leading to a dispositional order. *In re D.R.*, 354 Ill. App. 3d 468, 473 (2004). Thus, we have jurisdiction over the adjudicatory order and the motion to dismiss therein.

¶ 30                                    B. Mootness

¶ 31          The State also argues we cannot entertain respondent's claims of error under the mootness doctrine.

¶ 32          Generally, Illinois courts do not decide moot questions or render advisory opinions. *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009). An appeal to this court is moot when it presents no actual controversy or where the issues involved in the trial court cease to exist due to intervening events that rendered it impossible for this court to grant effectual relief to the appealing party. *In re J.W.*, 386 Ill. App. 3d 847, 852 (2008). The State contends respondent's brief states D.R. has been returned to respondent's care, and therefore any issue involving the adjudication of neglect is moot, as this court cannot grant effectual relief.

¶ 33          In *In re Chyna B.*, 331 Ill. App. 3d 591 (2002), this court addressed mootness in the context of adjudications of neglect and dispositional proceedings. There, proceedings against the father were terminated, with custody and guardianship returned to him. *Id.* at 593. We determined the case was not moot due to the collateral legal consequences in juvenile proceedings a parent faces from prior neglect adjudications. *Id.* In doing so, we noted prior adjudications of neglect are admissible in subsequent proceedings (705 ILCS 405/2-18(3) (West 2000)) and supplemental petitions may be filed reinstating wardship (*id.* § 2-33) *Chyna B.*, 331 Ill. App. 3d at 593.

¶ 34          Here, unlike in *Chyna B.*, there is no evidence in the record nor the briefs to show the proceedings against respondent mother have been terminated. D.R. has reportedly been

physically returned to respondent's care. However, nothing demonstrates D.R. is still a ward of the court or respondent is still required to cooperate with DCFS. It is not simply collateral consequences which may affect respondent in the future at question. Respondent still faces the direct consequences of the trial court's ruling. We see no reason to dismiss an ongoing case for mootness simply because respondent has physical custody of her child.

¶ 35                    C. Adjudication of Neglect Proceedings

¶ 36        As to the merits of her appeal, respondent argues only the trial court erred in failing to grant her motion to dismiss the petition for adjudication of neglect for timeliness.

¶ 37        The Act requires adjudication hearings be held in a timely manner, as "serious delay in the adjudication of abuse, neglect, or dependency cases can cause grave harm to the minor and the family and that it frustrates the health, safety and best interests of the minor and the effort to establish permanent homes for children in need." 705 ILCS 405/2-14(a) (West 2022).

> "When a petition is filed alleging that the minor is abused, neglected or dependent, an adjudicatory hearing shall be commenced within 90 days of service of process upon the minor, parents, any guardian and any legal custodian ***. Once commenced, subsequent delay in the proceedings may be allowed by the court when necessary to ensure a fair hearing." *Id.* § 2-14(b).

The Act also lays out the requirements for continuing the adjudicatory hearing:

> "Upon written motion of a party filed no later than 10 days prior to hearing, or upon the court's own motion and only for good cause shown, the Court may continue the hearing for a period not to exceed 30 days, and only if the continuance is consistent with the health, safety and best interests of the minor.

When the court grants a continuance, it shall enter specific factual findings to support its order, including factual findings supporting the court's determination that the continuance is in the best interests of the minor. Only one such continuance shall be granted." *Id.* § 2-14(c).

The Act specifies "good cause" in this section "shall be strictly construed" and specifically notes "[n]either stipulation by counsel nor the convenience of any party constitutes good cause." *Id.* The time limits provided in the Act may be waived "only by consent of all parties and approval by the court." *Id.* § 2-14(d).

¶ 38       The Illinois Supreme Court addressed the mandatory nature of section 2-14 in *In re S.G.*, 175 Ill. 2d 471, 480-82 (1997). The supreme court determined the policy statement on the grave harm delay could case minors, the explicit directions on how to count the time period, and the instruction for dismissal without prejudice all signified the mandatory nature of section 2-14. *Id.* at 481-82 (citing 705 ILCS 405/2-14 (West 1994)). Although section 2-14 was amended since the supreme court's holding in *S.G.* (indeed, at the suggestion of the dissent in *S.G.* See *id.* at 502-03 (McMorrow, J., dissenting) ("I call upon the legislature to act promptly in amending the [Act] so as to provide trial courts with some degree of discretion in granting or denying motions to dismiss pursuant to section 2-14.")), the amendment changed the requirement the hearing be *completed* within the 90-day period to having *commenced* within the 90-day period. Compare 705 ILCS 405/2-14 (West 1994) to 705 ILCS 405/2-14 (West 1998). The amendments made no change to the mandatory nature of the timeline prescribed by the Act.

¶ 39       In this case, the parties agree the clock began running on February 9, 2023. At that point, all parties had been served and appeared with counsel. The trial court had 90 days to

ensure the adjudicatory hearing commenced, namely, until May 9, 2023. The hearing did not commence until October 6, 2023, 240 days after the clock began running.

¶ 40    The State argues the hearing actually commenced on June 8, 2023, the initial "firm date." However, the record disagrees with the State's assessment. On June 8, 2023, the trial court stated, "Then we're going to go ahead and continue everything on the Court's motion for good reason. We're not going to start today. *** I'm hoping that no other motions will be needlessly filed between now and July 24th and we can finally get this case going." No testimony nor argument on the merits of adjudication were made on June 8. Further, respondent filed two motions to dismiss after the June 8 hearing, yet no argument was made the hearing had already commenced.

¶ 41    Respondent began raising timeliness issues at the hearing on April 27, 2023. Regardless, the trial court set the hearing outside the 90-day window on June 8, 2023. This hearing alone should have required a finding of good cause for a 30-day continuance, with *specific factual findings* of why such a continuance was in the best interests of the minor. *Id.* § 2-14(c). No such finding was made. Rather, the court stated, "we have to accommodate the calendars of the lawyers. *** [T]his is the quickest date we could all get together to do this." Yet the Act is clear; "the convenience of any party" does not constitute good cause. *Id.* However, respondent conceded at the hearing on the motion to dismiss on June 8, 2023, the original 90-day period was extended for good cause. Therefore, we will assume the court had 120 days to commence the adjudicatory hearing, and respondent's initial motion to dismiss, filed within the 120-day window from February 9, 2023, was untimely.

¶ 42    The State contends respondent agreed to several continuances. However, even if we account for the days where continuances were arguably with respondent's consent in the light

most favorable to the State, the hearing still occurred well outside the 90-day or 120-day periods prescribed by the Act. We initially note the period is tolled when the parties unanimously agree to a continuance, but "the clock resumes running once the waived period has past." *In re V.Z.*, 287 Ill. App. 3d 552, 562 (1997); see 705 ILCS 405/2-14(c) (West 2022) ("On the day of the expiration of the delay, the period shall continue at the point at which it was suspended.").

¶ 43 First, respondent filed a motion to substitute judge on May 23, 2023, which was heard on May 31, 2023. In the criminal context, a motion to substitute judge tolls the speedy trial statute. See *People v. Grant*, 68 Ill. 2d 1, 6 (1977) (finding the Illinois Supreme Court had previously held a motion for substitution of judge tolls the 120-period in the speedy-trial statute). Similar motions have been held to toll the 90-day period in adjudication cases. See *In re D.E.*, 314 Ill. App. 3d 764, 770 (2000) (holding a motion to recuse the sitting judge tolled the 90-day period prescribed by the Act). Second, after the hearing on respondent's motion to dismiss on June 8, 2023, the hearing had to be adjourned due to the late hour. Respondent's witness could not stay, and the subpoena needed to be extended. Respondent did not object to the hearing being continued. Finally, according to the transcript of the September 6, 2023, hearing, DCFS pointed out respondent consented to a continuance at the July 24, 2023, hearing to hold the adjudication hearing on September 6, 2023. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984) ("Any doubts which may arise from the incompleteness of the record will be resolved against the appellant.").

¶ 44 However, we need not determine whether those delays were actually attributable to respondent, because even accounting for the 8 days from the motion to substitute judge, the 47 days between the June and July hearings, and the 43 days from the July hearing to the September hearing, the adjudicatory hearing commenced 142 days after the clock began to run.

¶ 45    The State attempts to attribute several other continuances to respondent, alleging she agreed to the continuances. On April 27, 2023, respondent's counsel stated they were "prepared to move forward" and objected to the continuance. Although she later stated they would like to subpoena and call a witness, she also stated this was, "*If* the Court moves forward with the hearing" (emphasis added.). This continuance was neither requested nor agreed to by respondent. Similarly, regarding the continuance on September 8, 2023, on the motion of the trial court, respondent objected to the continuance and filed a motion to dismiss based on untimeliness. Eventually, counsel stated, "[Respondent] wants the Court to know that she's compassionate about the Court's situation, and she's okay with it. She just wants her child in the meantime." This statement was in furtherance of the argument for the motion to dismiss. That respondent was eventually resigned to the continuance did not imply she consented to it.

¶ 46    Ultimately, the adjudicatory hearing commenced at least 142 days after service on the parties, well outside either the 90-day or 120-day deadlines. The Act stipulates, "If the adjudicatory hearing is not heard within the time limits required by subsection (b) or (c) of this Section, upon motion by any party the petition *shall be dismissed* without prejudice." (Emphasis added.) 705 ILCS 405/2-14(c) (West 2022). In this case, the hearing did not commence within the time limits required by subsection (b) or (c) (see *id.* § 2-14(b)-(c)), and respondent filed a motion to dismiss on September 21, 2023. The trial court erred by not dismissing the petition without prejudice.

¶ 47    We are aware of the constraints these cases place upon the trial court, as there are frequently many parties to coordinate with a busy court calendar. However, we cannot excuse the failure to follow the mandatory timeliness requirements prescribed by the Act. We note the timeliness requirements of the Act do not mean the end of the case. The focus of the Act is the

best interests and safety of the child. See *In re Arthur H.*, 212 Ill. 2d 441, 467 (2004) (citing 705 ILCS 405/1-2 (West 2000)). The 90-day period for adjudicatory hearings exists to protect the best interests of the minor. See 705 ILCS 405/2-14(a) (West 2022) (providing "serious delay in the adjudication of abuse, neglect, or dependency cases can cause grave harm to the minor and the family"). However, the petition, if not commenced within the period prescribed by the Act, is dismissed without prejudice. If appropriate for the best interests of the minor in question, the State may immediately refile a petition for adjudication of neglect. See *In re Kh. M.*, 2023 IL App (1st) 230261, ¶ 65.

¶ 48      When the well-being of a minor is at stake, the protections inherent in the law for both the minor and the parents should be scrupulously provided. Delay is unfair, disruptive, and cruel. Time limits are not suggestions. The trial court failed to follow the letter and spirit of the law.

¶ 49      The petition should have been dismissed without prejudice based on the September 21, 2023, motion. We vacate the findings of the adjudicatory and dispositional hearings. The State may file a new petition for adjudication of wardship if appropriate.

¶ 50                                      III. CONCLUSION

¶ 51      For the reasons stated, we reverse the trial court's judgment on respondent's motion to dismiss and vacate the findings of the adjudicatory and dispositional hearings.

¶ 52      Reversed and vacated.