THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN BEY, Defendant-Appellant.

(No. 56769;

First District (2nd Division)—May 29, 1973.

James J. Doherty, Public Defender, of Chicago, (Shelvin Singer, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and Mark T. Zubor, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HAYES delivered the opinion of the court:

On 12 August 1970, in Indictment No. 70-2362, defendant was charged with murder (Ill. Rev. Stat. 1969, ch. 38, sec. 9—1), and in companion Indictment No. 70-2363 defendant was charged with armed robbery (Ill. Rev. Stat. 1969, ch. 38, sec. 18—2). The murder and the armed robbery occurred on the same day, but were unrelated incidents. On the murder charge, one Isaac Smith was a co-defendant. Smith was subsequently severed for trial, and his trial took place prior to defendant's trial. The two charges against defendant were then consolidated on 13 September 1971, which was the date on which defendant's trial began. On 13 August 1970, defendant had been arraigned and had pleaded not guilty to each charge. Pending trial, defendant remained in custody. The cases were continued from time to time, either on motion of court, motion of defendant or motion of State until 11 August 1971.

On 11 August 1971, the State made an oral motion to extend by 30 days the statutory 120 day period which represents the legislative

implementation of the constitutional right of a defendant who is in custody to a speedy trial, and to continue the cases for that period of time. This so-called Fourth Term Act is Ill. Rev. 1971, ch. 38, sec. 103—5. Subsection (c) of that section provides as follows:

"If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days."

The parties agreed that the last day of the normal 120 day period was 17 August 1971 (six days later). Defendant objected to the State's motion for an extension and a continuance on the ground that the defendant, who was in jail, was and had been ready for trial, and that the motions represented a dilatory tactic on the part of the State. Defense counsel, however, specifically waived any objection to the oral, rather than written, nature of the motion. After argument by counsel, the trial court granted the motion, extended the statutory 120 day period by 30 days to 17 September 1971 (actually 31 days, because the month of August has 31 days), and continued the cases for 33 days from 11 August 1971 to 13 September 1971.

On 13 September 1971, defendant's bench trial began on both charges, which had that day been consolidated for trial. Defendant was found not guilty of the murder charge, but guilty of the charge of armed robbery, on which defendant was then sentenced to a term of not less than five years nor more than ten years in the Illinois State Penitentiary.

Defendant appeals from his conviction and sentence for armed robbery. His sole contention on appeal is that the trial court prejudicially abused its discretion when it extended the Fourth Term for 30 (actually 31) days and continued the cases for 33 days on a motion by the State which was not written, not supported by affidavit, and not supported by any evidence whatsoever.

It is clear from the record that defendant's counsel specifically waived any objection to the oral nature of the motion; even had he not done so, section 103—5(c) has been construed not to require a formal written motion. (*People v. Canada* (1967), 81 Ill.App.2d 220, 225 N.E.2d 639.) An informal oral motion suffices. (*People v. Moriarity* (1966), 33 Ill.2d 606, 213 N.E.2d 516.) Further, the section has been construed not to require that the motion be supported by affidavit. (*People v. Canada* (1967), 81 Ill.App.2d 220, 225 N.E.2d 639.) Hence, the sole potentially valid contention of defendant on this appeal is that the section at least

requires that the motion be supported by *evidence* of some sort and that this motion was not supported by evidence of any sort.

We note that the motion was also a motion to continue the cases, and that in fact the cases were continued for 33 days. The statute providing for continuances in criminal cases is Ill. Rev. Stat. 1971, ch. 38, sec. 114—4. Subsection (a) of that section provides that either defendant or the State may move for a continuance, and that, if such a motion is made more than 30 days after arraignment, the court may require that the motion be supported by affidavit. Subsection (c) (2) of that section provides that such a motion made by the State more than 30 days after arraignment may be granted when a material witness is unavailable and the prosecution will be prejudiced by the absence of his testimony, unless defendant will stipulate as to the witness' testimony. Subsection (e) of that section provides that all motions for a continuance are addressed to the discretion of the court and shall be considered in the light of the diligence shown by the moving party. Hence, in order to be so considered, the moving party must make some type of showing of diligence. We assume, therefore, that defendant's contention is not only that the motion to extend the Fourth Term must be supported by evidence of some sort under the provisions of section 103—5 (c), but also that the motion to continue must be supported by some type of showing of diligence under the provision of section 114—4(e).

Consideration of this sole potentially valid contention of defendant on this appeal requires a scrutiny of the record as to what occurred at the hearing on the State's dual oral motion on 11 August 1971. The State began by making a statement for the record. That statement first alleged that the State had sent out police officers in an attempt to locate necessary witnesses. The necessary witness on the murder charge was one Freddie Lee Scott, who was an eye-witness to the murder; the police officers found that he was no longer living at the only address available to the State. The necessary witness on the armed robbery charge was one Lee Wilson, who was the victim of the robbery. At the time of the armed robbery, the said Lee Wilson was working as a ticket and fare taker for the Chicago Transit Authority. The police officers sent out by the State found that Lee Wilson was no longer living at the only address available to the State, and was no longer in the employ of the Chicago transit Authority. Hence, it had become necessary for the State to attempt to locate the two necessary witnesses through its investigative personnel, which the State was doing. The State then alleged the probability that the witnesses would be found through further investigation during the requested 30-day extension of the Fourth Term and the

requested 30-day continuance. Defense counsel thereupon objected to the State's dual motion, with particular reference to the extension of the Fourth Term period, because the defendant, who was in jail, had been answering ready and demanding trial and felt that the State's motion was a mere dilatory tactic by which the State was attempting to extend defendant's time in jail while it looked for witnesses. At this point the trial judge remarked that, with respect to witness Scott, the judge knew that there had been difficulty in locating him for the murder trial of Isaac Smith; that the judge could not recall whether he had had to extend the Fourth Term in respect of Isaac Smith; but that the judge thought witness Scott had become available on the last day of Isaac Smith's Fourth Term, but in any event the State had located him.

The trial judge then inquired about witness Lee Wilson, the victim of the armed robbery, and was informed about the circumstances relative to Lee Wilson. After defense counsel had waived notice of written motion, the State re-alleged the exercise of due diligence in seeking to locate the two witnesses and the materiality of their testimony. Thereupon, the trial judge granted the State's motion for a 30-day extension of defendant's Fourth Term period to 17 September 1971 (actually a 31-day extension) and a 33-day continuance of the cases until 13 September 1971.

■■ It is, therefore, clear from the record that the State alleged facts demonstrating diligence in support of its dual motion, and that defendant did not controvert the alleged facts, but merely asserted that the State's motion was a dilatory tactic. We hold that the alleged facts demonstrating diligence, in the absence of any denial by defendant of the truth of the alleged facts, constituted a sufficient showing of diligence to satisfy the requirement of section 103—5(c) and section 114—4(e) without the production of any evidence by the State to support this allegation of fact, and that the trial judge did not abuse his discretion in relying upon those undenied allegations of fact as constituting an adequate showing of diligence for the purposes of section 103—5(c) and section 114—4(e).

Whether the State must present evidence to support its allegation of fact in a motion for extension of the Fourth Term period and for a continuance appears to be a question of first impression in this State. Prior cases have held that, absent a showing to the contrary, it will be assumed that the court had a proper basis for granting such a motion. (*People v. Poland* (1961), 22 Ill.2d 175, 174 N.E.2d 804.) These holdings would seem to place the burden of procedure as to the issue of diligence upon the defendant. We think that such a construction of the Statute is both erroneous and fundamentally unfair to the defendant, because de-

fendant is not in possession of the facts necessary to make such a prima facie showing. Under section 103—5(c), the statute requires the court to make a "determination"; this requirement implies a finding of fact, which would normally require evidence to support such a finding of fact. Under section 114—4(e), motions for a continuance are to be considered in the light of diligence shown by the moving party; again, this would require some showing of diligence by the moving party. Despite some loose language used in a purported paraphrase of the present section 103—5(c) to the effect that the court need merely be "satisfied that due exertion has been made to procure the evidence on behalf of the People and that there is reasonable ground to believe such evidence may be procured at a later day" (*People v. Tamborski* (1953), 415 Ill. 466, 114 N.E.2d 649), no case has been cited to us which has specifically held that no evidence whatever need be presented to support the motion of the State for extension and continuance.

■■ We hold that the two sections involved require the State as the moving party to make a showing of diligence which would enable the court to determine that the State has exercised diligence; that allegations of fact in support of such a motion by the State will prima facie satisfy the State's burden to make such a showing in the absence of any denial of those allegations by defendant which would serve to put those allegations at issue; and that, should defendant by denial put those allegations of fact at issue, then the State must present evidence in support of those allegations.

■■ In the instant case, the record shows that the State made allegations of fact in support of its dual motion. The record also shows that defendant did not deny those allegations of fact so as to put those allegations at issue. Hence, the State was not required to present any evidence in support of those allegations.

We conclude that the trial judge did not abuse his discretion in granting the dual motion of the State.

Affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.