THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WALTER GRANT, Defendant-Appellant.

First District (3rd Division)   No. 61417

Opinion filed August 19, 1976.—Supplemental opinion filed upon denial of
rehearing November 4, 1976.

James R. Streicker and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and Robert Handelsman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Jake Crosby was shot to death in the late afternoon of January 24, 1973. The defendant, Walter Grant, was indicted for the homicide, convicted of voluntary manslaughter and sentenced to 6 years and 8 months to 20 years in the penitentiary. He has contested his conviction on a number of grounds, but dispositive of the case is his argument that the conviction should be reversed because he was not brought to trial within the 120-day period required by the Code of Criminal Procedure of 1963. Ill. Rev. Stat. 1973, ch. 38, par. 103—5.

Grant was arrested on January 25, 1973, indicted on March 26 and arraigned on April 5. On August 7 the case was continued to September 11 on the defendant's motion and later continued by agreement to September 19. Subsequently, the trial date was extended 11 times to January 10, 1974 (six times at the State's request and five times on order of the court). On January 10—113 days after the agreed continuance of September 19—the State moved for a 60-day extension (under section

103—5(c)) on the ground that Daniel Pierce, an assistant State's attorney who had taken a written confession from Grant and whom the State claimed was a material and essential witness, was suffering from viral encephalitis in a Chicago hospital. Grant's counsel stated that the defense would stipulate to Pierce's testimony and would make no motion to suppress the confession. The court granted the 60-day extension but, at the State's request, continued the cause until January 30, 1974, a date the State anticipated that Pierce could be in court. On the 30th, Grant filed a motion for discharge asserting that the court erred in granting the extension and that he had not been tried within 120 days of the last agreed continuance. The court denied the motion and commenced the jury trial.

This appeal concerns two sections of the Code of Criminal Procedure: section 103—5, which is captioned "Speedy Trial," and section 114—4, which is captioned "Motion for Continuance." A person in custody must be tried within 120 days from the date he was taken into custody unless delay is occasioned by him. (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a).) The 120-day period may be extended "If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days." (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(c).) However, section 114—4 states that a motion for a continuance made by the State more than 30 days after arraignment may be granted when "A material witness is unavailable and the prosecution will be prejudiced by the absence of his testimony; however this shall not be a ground for continuance if the defendant will stipulate that the testimony of the witness would be as alleged;  *  *  *" (section 114—4(c)(2)). This provision was cited by Grant's attorney when he agreed to stipulate to Pierce's testimony and was the basis of his unsuccessful objection to the State's motion for the 60-day extension. It is also the basis for his contention in this court that the trial judge erred in granting the extension on January 10, 1974, and in not discharging the defendant on January 30th.

The State contends that section 103—5 and section 114—4 are separate and distinct provisions, that section 114—4(c)(2) has no relevance to 103—5(c), and that a motion for an extension under the latter section should be granted even if the defendant is willing to stipulate that the testimony of the absent witness would be as alleged. The defendant contends that section 114—4(c)(2) cannot be ignored; that it applies to all motions for continuances irrespective of whether or not they are made under section 103—5(c). This is the first time the issue posed by these contentions has been raised in a reviewing court of our State.

■■ Sections 103—5 and 114—4 cannot be construed separately. They are *in pari materia* and the correlation between them is emphasized by their references to each other. Section 103—5 is mentioned in section 114—4, and section 114—4 is mentioned three times in section 103—5. Section 114—4(i) states that the physical incapacity of the defendant may be grounds for a continuance at any time and that "Such continuances shall suspend the provisions of Section 103—5 * * *, which periods of time limitation shall commence anew when the court, after presentation of additional affidavits or evidence, has determined that such physical incapacity has been substantially removed."

The provision of section 114—4(i) as to physical incapacity is repeated in section 103—5(a), which provides that a person in custody shall be tried within 120 days unless delay is occasioned by the defendant, by an examination for his competency, by a competency hearing or "by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial * * *." Section 103—5(b), which pertains to persons on bail, also mentions section 114—4. Section 103—5(b) provides that a person on bail shall be tried within 160 days unless delay is occasioned, among other reasons, "by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial * * *." Section 103—5(e) provides that if a person is in custody on more than one charge, he must be tried within 120 days on one of the charges and within 160 days on the remaining charges, unless the delay is occasioned, among other reasons, "by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial * * *."

The State's principal argument appears to be that since section 114—4 is referred to in section 103—5(a), (b), (e), but not in section 103—5(c), this necessarily implies a legislative intent to limit the operation of section 114—4 to those three sections. This omission must be granted some weight in determining the General Assembly's intent but cannot be considered conclusive in light of the particular wording of section 114—4(i) and sections 103—5(a), (b) and (e). The references to section 114—4 in sections 103—5(a), (b) and (e) merely iterate the provision of 114—4(i) suspending the operation of section 103—5 when a continuance because of a defendant's physical incapacity has been granted. Nothing in either section 103—5 or 114—4 states that the operation of section 114—4 is suspended when a motion for an extension under section 103—5(c) is being considered. Just the opposite is implied in section 114—4. Section 103—5 is the legislative effectuation of a defendant's constitutional right to a speedy trial and section 114—4 embodies the same imperative:

"This Section shall be construed to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the State to a speedy, fair and impartial trial." Section 114—4(h).

■■ Another argument made by the State is based on the principle that the expression of one thing in an enactment excludes any other, even though there are no negative words prohibiting it. (See *City Savings Association v. International Guaranty & Insurance Co.* (1959), 17 Ill. 2d 609, 162 N.E.2d 345.) The State argues that if the General Assembly had intended to make section 114—4(c)(2) applicable to section 103—5(c), it would have included a provision to that effect. Although there is no provision specifically rendering section 114—4(c)(2) applicable, section 114—4(h) requires that section 114—4 be interpreted so that "criminal cases are tried with due diligence consonant with the rights of the defendant and the State to a speedy, fair and impartial trial." The most reasonable interpretation of this provision is that the General Assembly meant section 114—4 to apply to section 103—5 and, in particular, to section 103—5(c). Any other interpretation would render meaningless the language in 114—4(h) that section 114—4 is to be construed with regard to the rights of the defendant to a speedy trial.

■■ The State's final statutory argument is that section 103—5 is a specific statute and, as such, applies over the general provisions of section 114—4(c)(2). (See *People ex rel. Myers v. Pennsylvania R.R. Co.* (1960), 19 Ill. 2d 122, 166 N.E.2d 86.) The State argues that section 103—5(c) is a specific statute and is only applicable to continuances which would extend the term for bringing the defendant to trial. The State reasons that section 114—4(c)(2) is a general statute because it is applicable to any instance not mentioned in section 103—5(c)—a categorization of section 114—4(c)(2) which begs the question of whether that provision applies to section 103—5(c). The State's labeling of one section as "specific" and one as "general" focuses attention on a semantics issue and obscures consideration of the true question. This is ascertaining the legislature's intent and, if that is impossible, construing the statutory language in a just and reasonable way so that the State and defendants can predict with reasonable certainty how these provisions will be interpreted in the future. Nothing that the State has said concerning "general" and "specific" language in any way convinces us that our conclusion—that section 114—4(c)(2) covers a section 103—5(c) motion for an extension—runs counter to the legislative intent or is otherwise unwarranted.

■■ Our conclusion is reinforced by *People v. Bey* (1973), 12 Ill. App. 3d 256, 298 N.E.2d 184. In *Bey* the State made an oral motion for an extension under section 103—5(c) without submitting a supporting affidavit. The trial court granted the motion. On appeal the defendant argued that the court had abused its discretion because the State had

made no showing of due diligence. The reviewing court noted that the case law established that a trial judge could grant a section 103—5(c) extension on an oral motion without supporting affidavits and held that the judge had properly granted the motion when only this provision was considered, but it held that the State had to show more. The court cited section 114—4(e) which requires a trial court to consider the diligence of the party moving for the continuance in deciding whether to grant the motion and held that this provision covered motions made under section 103—5(c). Since section 114—4 is the statute governing continuances in criminal cases, we can see no reason why one part of section 114—4 (section 114—4(e)) would apply to section 103—5(c) motions and why another part of section 114—4 (section 114—4(c)(2)) would not.

■■ The State's motion for a 60-day extension was improperly granted; the defendant therefore was not brought to trial within 120 days and his motion for discharge should have been allowed. (Section 103—5(d).) The judgment is reversed.


Judgment reversed.

MEJDA, P. J., and McNAMARA, J., concur.


## SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

In a petition for rehearing filed by the State two points are made: (1) that our opinion improperly limits a trial court's discretion in granting a motion for an extension of the time in which a defendant must be brought to trial when the defendant agrees to stipulate to the testimony of an absent State's witness; (2) that the defendant was tried and convicted within the 120-day period and hence should not have been discharged.

■■ In support of its first point the State quotes from the statute: "All motions for continuance are addressed to the discretion of the trial court * * *." (Ill. Rev. Stat., 1973, ch. 38, par. 114—4(e).) Although its petition states that "The people agree with this Honorable Court that Sections 103—5 and 114—4 should be read together in the instances emphasized by this court," the thrust of the State's argument is that our opinion, which held that an extension of time should not be granted to the State under a section 103—5(c) motion (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(c)) if the defendant is willing to stipulate to the testimony of an unavailable witness, deprives the trial court of the discretion it has been given by section 114—4(e).

A trial court has discretion in deciding whether to grant a continuance and should not be reversed unless it has abused its discretion. However, the language of section 114—4(c)(2) of the same statute plainly indicates that there would be an abuse of discretion if a trial court granted a section 103—5(c) motion despite the willingness of a defendant to agree upon the testimony of the missing State's witness: "* * *[it] shall not be a ground for continuance if the defendant will stipulate that the testimony of the witness would be as alleged * * *." Ill. Rev. Stat. 1973, ch. 38, par. 114—4(c)(2).

■■ In support of its second point the State argues that the trial court did not abuse its discretion in granting the People's motion to extend the fourth term and in denying the defendant's motion for discharge because he was brought to trial within 120 days. It alleges that he filed a motion for a severance and a motion to quash the indictment during the time the 120 days was running and that these motions tolled the statutory period and caused a new one to start from the date of each motion. There are two answers to this. Obviously, the State was not of the opinion that the new statutory periods had commenced when it asked that the 120-day period be extended because a material witness was unavailable. Furthermore, its second point is improperly advanced in a request for rehearing. The point was not argued in the State's brief and since it was not, it cannot be raised in a petition for rehearing. (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7).) A petition for rehearing must be confined to the points argued in the briefs but claimed to have been overlooked or misapprehended by the reviewing court. Ill. Rev. Stat. 1975, ch. 110A, par. 367(b). See also *People v. Mallett* (1970), 45 Ill. 2d 388, 259 N.E.2d 241; *People v. Carmen* (1937), 291 Ill. App. 399, 9 N.E.2d 981.

The petition is denied.

Denied.

MEJDA, P. J., and McNAMARA, J., concur.