THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS FOLENGA, Defendant-Appellant.

Third District  No. 79-122

Opinion filed April 29, 1980.—Rehearing denied May 20, 1980.

Robert Agostinelli and Karen Szpajer, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

After a jury trial defendant Douglas Folenga was found guilty of rape, deviate sexual assault, and armed robbery, and was sentenced to concurrent terms of 7 years imprisonment on each count. Upon appeal defendant claims he was denied his right to a speedy trial within 120 days from the time he was brought into Illinois in custody in violation of section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5). We affirm.

According to the testimony at trial, on July 1, 1978, defendant was hitchhiking along route I-55 in Will County when he was given a ride by Rebecca Thompson. During the ride defendant threatened her with a knife and took her money. After he took over the driving, he stopped along a side road, forced her to engage in a deviate sexual act, and then raped her. Defendant next compelled her to accompany him in the car traveling west across Illinois and into Iowa. He finally let her out of the car along a country road. She obtained help at a nearby farm and was taken to a hospital in Maquoketa, Iowa, where she was examined by Dr. Paul Koop. Defendant was arrested the next day in Nebraska, and he was returned to Will County, Illinois, on July 12, 1978.

Trial was originally set for September 18, 1978, but was postponed to October 30 after defendant filed a motion for a fitness hearing. Thus

defendant was charged with a 22-day delay between August 30, the day he filed the fitness motion, and September 22, the day he was found fit. On October 17 the State filed the document titled "Motion for Continuance" which is the focal point of this appeal.

This motion requested the court to continue the cause to a date certain, pursuant to sections 114—4 and 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, pars. 114—4, 103—5), and recited that Dr. Paul Koop of Maquoketa, Iowa, the physician who had examined the victim, was one of the material witnesses in this case; that Dr. Koop would be out of the United States and therefore unavailable the week of October 30; and that defendant would not stipulate to Dr. Koop's testimony. The motion also stated that defendant was then in the county jail and, "pursuant to section 103—5, Chapter 38, his term expires November 21, 1978." (We note that the November 21, expiration date was erroneous, being computed from July 2, the date defendant was arrested in Nebraska, rather than from July 12, the date he was in custody in Illinois. The correct expiration date was December 2, 1978, but that error is immaterial to this appeal.)

At the hearing on the State's motion, the court granted the continuance over defendant's objection. The Assistant State's Attorney advised the court orally that another witness, a deputy sheriff from Jackson County, Iowa, would be in police training from November 13 until December 4, and that the deputy did not want to miss the training. Defense counsel agreed to the State's suggested December 4 date, but restated his objection to the continuance. The court then set the cause for trial on December 4.

Defendant filed a motion for discharge for violation of the 120-day rule on December 4. The motion was denied, and trial began on December 11. Defendant was convicted of rape, deviate sexual assault and armed robbery and was sentenced to concurrent terms of 7 years imprisonment on each conviction. He has perfected this appeal.

The primary question upon review is whether the order of the trial court setting trial for December 4 was a grant of an extension of the 120-day term under section 103—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(c)). Section 103—5 provides, in part:

> "(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *.
>
> * * *
>
> (c) If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and

that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days."

Defendant contends that the State's motion for a continuance was not adequate to request an extension under section 103—5(c) because it did not contain an express request for such an extension. Defendant says that, since the trial court was not asked to extend the term, its order should not be construed as an extension of the term beyond 120 days. Instead, he says, the granting of the State's motion was a simple continuance under section 114—4(c) of the Criminal Code.

He relies upon *People v. Toolate* (1978), 62 Ill. App. 3d 895, 379 N.E.2d 927, a case where the defendant was held to have been entitled to discharge because a motion for continuance, made by the State and granted by the trial court, did not effectively ask for an extension under section 103—5(c) and did not, therefore, toll the 120-day period. The State sought a continuance on the ground that a material witness, who had participated in the burglary, had escaped from custody and his whereabouts were unknown. At the time of the hearing on the motion on November 17, 1977, the State advised the court that the witness was in custody in Menard State penitentiary and would be available in approximately two weeks. The court said the request was reasonable and granted the motion for continuance "to the December calendar." Upon appeal the reviewing court took note that the motion for continuance and the accompanying affidavit made no mention of due diligence to obtain the unavailable material evidence and no mention of the prospect of obtaining such evidence at a later day. Both the motion and affidavit were said to be "cast directly from the mold of section 114—4(c), speaking of a material witness and prejudice to the prosecution." (62 Ill. App. 3d 895, 899.) It was also noted that the trial court did not make any findings under section 103—5 and did not utilize the 60-day limitation.

Obviously the case at bar has many factual similarities to the *Toolate* case, but there are also some significant distinctions. Here the motion for a continuance expressly stated that relief was being sought pursuant to section 103—5 and that defendant's term was due to expire. Consequently the trial court knew that the term would soon expire and knew that an extension was being sought under section 103—5. The trial court here fixed a date certain for trial to begin. Also, both of the witnesses, whose unavailability necessitated delaying the trial, were out-of-State witnesses who could not be subpoenaed by the usual process.

Dr. Paul Koop, a nonresident, could possibly have been forced to come to Illinois pursuant to the Uniform Act to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings (Ill. Rev. Stat. 1977, ch. 38, par. 156—1) for the purpose of testifying. This

proceeding is not only time consuming but would require a hearing before an Iowa judge to determine that the witness is material and necessary and that it would not cause undue hardship to Dr. Koop to attend and testify. The State's due diligence in keeping contact with both witnesses was evident from the record. These differences serve to remove the case at bar from the narrow confines of the *Toolate* holding.

■■ Generally, the determination of whether the statutory prerequisites of section 103—5(c) have been satisfied rests within the sound discretion of the trial court, and its determination will not be disturbed on review unless there has been a clear abuse of that discretion. (*People v. Arndt* (1972), 50 Ill. 2d 390, 280 N.E.2d 230; *People v. Franklin* (1976), 42 Ill. App. 3d 408, 355 N.E.2d 634.) It seems apparent that when both Iowa witnesses indicated their willingness to come to Illinois in December 1978, the trial judge was satisfied that granting the State's motion for a continuance was not for any reason other than interests of justice and that defendant was not prejudiced by the continuance. Furthermore, section 103—5 does not require an affidavit or evidence in support of the State's motion, but instead the allegations of fact in support of such a motion will *prima facie* satisfy the State's burden in the absence of a denial by defendant. (*People v. Gamble* (1976), 41 Ill. App. 3d 394, 353 N.E.2d 136; *People v. Moore* (1975), 27 Ill. App. 3d 337, 326 N.E.2d 420.) In the instant case defendant has never disputed the truth of the State's assertions.

■ It has been held that a formal written motion is not required under section 103—5(c) (*People v. Bey* (1973), 12 Ill. App. 3d 256, 298 N.E.2d 184; *People v. Canada* (1967), 81 Ill. App. 2d 220, 225 N.E.2d 639), and that one motion can be both a motion for an extension under section 103—5(c) and a motion to continue under section 114—4. (*People v. Bey.*) These rulings support our conclusion that the purpose of the statute would be poorly served if we were to require that the State follow a rigid format in obtaining an extension under section 103—5(c). To insist upon the explicit recitation of words such as "extension of time," "due diligence," or any other particular language would exalt form over substance. On the basis of the record, we believe the trial court fully intended to extend the 120-day term, and in doing so, did not act in abuse of its discretion.

For the reasons stated we affirm the convictions and sentences entered by the Circuit Court of Will County.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.