THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ORVID GARRETT, Defendant-Appellant.

Fifth District    No. 80-490

Opinion filed March 2, 1982.

John H. Reid and Richard J. Bennett, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Clemons, State's Attorney, of Murphysboro (Robert J. Biderman and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The defendant was arrested and charged with attempted murder, burglary, and unlawful use of weapons, alleged to have occurred on April 10, 1980. After his motion for discharge pursuant to the speedy trial statute was denied, he was brought to trial on September 15, 1980. He tried to discharge his lawyer on the date of the trial and represent himself and moved orally for a continuance of the trial date "in order to familiarize himself with the case." The motion for continuance was denied, and the defendant elected to keep the lawyer he had. The defendant waived a jury and took part in a stipulated bench trial. He was found guilty on all three charges and was subsequently sentenced.

On appeal he challenges the denial of his motion for discharge under the speedy-trial statute, asserts that his constitutional right to represent himself was violated by the court's denial of his request for a continuance on the day of trial, and alleges that he did not knowingly and voluntarily stipulate to the State's evidence because the court failed to admonish him pursuant to Supreme Court Rule 402(a) (73 Ill. 2d R. 402(a)).

Orvid Garrett was arrested April 10, 1980, and held in custody until his trial. The speedy trial provision of the Criminal Code of 1961 provides that a defendant must be tried within 120 days of the date he is taken into custody unless he causes delay or unless the State is granted an extension not to exceed 60 more days. (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(a).) The 120th day of Orvid Garrett's incarceration was August 8, 1980. On June 5, 1980, the defendant was granted a continuance of 30 days, not opposed by the State, which extended the trial period until September 8, 1980, because September 7, 1980, fell on a Sunday. On June 27, 1980, the court set the trial for August 4, 1980,—well within the speedy trial limits.

On July 8, 1980, the State filed a motion for continuance, asking that the case "be removed from the August Jury Docket and rescheduled at a later date." The motion stated:

(1) after the prosecution received, on June 27, 1980, notice of the August 4, 1980, trial date, it notified its witnesses of that;

(2) Joseph Furman advised the prosecution that "he would be unavailable for trial during the month of August since he will be in California the entire month;"

(3) Mr. Furman "is a material witness for the people and necessary for the prosecution of this case."

The motion did not indicate either that it was brought pursuant to the general continuance provision (Ill. Rev. Stat. 1979, ch. 38, par. 114—4(c)(2)) or that an extension of the speedy trial term was requested under section 103—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(c)). A hearing on the motion was had on July 24, 1980. The defense indicated it was ready for trial and declined to stipulate to what Joseph Furman's testimony would be. It opposed the motion for continuance. The court granted the State's motion "in accordance with Section 114—4(c)(2)" and set the case on the September docket. The court indicated the delay would be approximately 30 days. On July 28, 1980, the case was set for trial on September 15, 1980.

On September 10, 1980, the defendant filed a motion for discharge pursuant to the speedy trial statute, alleging that the time period expired September 8, 1980. At the hearing on the motion for discharge on September 11, the State responded that its motion for continuance of July 8, 1980, acted to extend the speedy-trial time period. The trial court denied the motion for discharge and made findings regarding the July 8 motion, reduced to a written order, that: (1) the prosecution had exercised, without success, due diligence in obtaining evidence which was material to its case; (2) there had been reasonable grounds to believe that the evidence would be available at a later date; and (3) the continuance had been granted pursuant to section 103—5(c) (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(c)), and that the case came on for jury trial within the statutory maximum for extension of time provided for in section 103—5.

The defendant urges that *People v. Toolate* (1978), 62 Ill. App. 3d 895, 379 N.E.2d 927 controls the case and that since the State did not request an extension of time for trial under section 103—5(c) at the time of its motion for continuance, the speedy-trial period was not extended by the continuance. In *Toolate*, unlike the case before us, the trial court did not make findings under section 103—5(c) that the prosecution had exercised due diligence to obtain the missing evidence or that there was any prospect of obtaining the evidence at a later date if the time period for trial were extended. As Mr. Justice Green indicated in his concurring

opinion in *Toolate*, no showing was made that the missing witness could not be brought before the court for a jury trial within the 120 days. In the present case the prosecution did indicate to the court that the missing witness would be gone for the whole month of August. The implication was that he would be back in September and the court set the case on the September docket, a delay of about 30 days. In fact the case came to trial on September 15, 1980, only one week into the extension period.

■■"Generally, the determination of whether the statutory prerequisites of section 103—5(c) have been satisfied rests within the sound discretion of the trial court, and its determination will not be disturbed on review unless there has been a clear abuse of that discretion." (*People v. Folenga* (1980), 83 Ill. App. 3d 210, 214, 404 N.E.2d 935, 938, *appeal denied* (1980), 81 Ill. 2d 595.) "It has been held that * * * one motion can be both a motion for an extension under section 103—5(c) and a motion to continue under section 114—4." (83 Ill. App. 3d 210, 214.) We find no "clear abuse of discretion" on the part of the trial court in denying the defendant's motion for discharge.

The hearing on the motion for discharge was had on Thursday, September 11, 1980. When the motion was denied the defendant's counsel told the court that the defendant had asked him to withdraw. The court denied the request. On Friday, September 12, 1980, the defendant filed two hand-printed motions, not accompanied by affidavits, one entitled "Motion Waiver of Counsel, Ch. 110—A—401," and one a motion for continuance of 30 days "to familarize [*sic*] myself with my case." On Monday, September 15, 1980, the case was called for trial. The trial judge asked the defendant if he still wished to represent himself. Defense counsel replied that the defendant did wish to represent himself and that he wanted a continuance to familiarize himself with the case and to subpoena a witness whom the defense counsel had not subpoenaed. The trial court admonished the defendant in detail about the range of penalties applicable to the offenses with which he was charged and the difficulty of representing himself. He gave the defendant time to talk with his appointed counsel. The defendant persisted in his demand to represent himself. The trial court granted the motion.

The motion for continuance, filed September 12, 1980, and presented September 15, 1980, recited that it is pursuant to section 14—4 (Ill. Rev. Stat. 1979, ch. 38, par. 114—4). The only ground stated for the continuance was for the defendant to familiarize himself with the case. No reason such as trial in another case or illness of the defendant was put forward to explain why, after five months, the defendant was not familiar with his own case. Section 114—4(e) states: "All motions for continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant." (Ill. Rev. Stat.

1979, ch. 38, par. 114—4(e).) The trial court denied the defendant's motion for continuance but ordered that a subpoena issue for the witness the defendant requested. While arguing a motion in limine filed by counsel before he was discharged, the defendant changed his mind and asked to have his appointed counsel back to represent him if the case were going to trial that day.

■■ The defendant charges that the trial court's denial of his motion for continuance on the day of the trial effectively denied him the right to represent himself since he did not have enough time to prepare an adequate defense and thus have effective assistance of *pro se* counsel. This is a difficult situation for a trial court. A defendant does have the right to represent himself (*Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525), however inadvisable that course may be. The trial court recognized that right in this case and granted the defendant's motion for waiver of counsel. The court is not then automatically required to grant an extension of time for trial, however. Section 114—4(e) leaves the question of a continuance to the sound discretion of the court. As the court observed, the defendant had had more than five months with which to become familiar with his case. We do not find an abuse of the court's discretion in the denial of a continuance.

After a recess to allow the defendant to obtain nonjail clothes before appearing before a jury, the case resumed. The defendant's counsel informed the trial court that the defendant wished to waive a jury. The court admonished the defendant regarding his right to a jury and questioned him at length to be sure the defendant knew what he was giving up. After the court accepted the waiver of a jury, the defendant's counsel informed the court that they would stipulate to the State's evidence. The State's Attorney did not have a written stipulation prepared but went through his reports and orally summarized the evidence he would present at a trial. The court inquired of defense counsel, with the defendant present in the courtroom, if the facts were correct as presented by the State. In addition to offering an opportunity to challenge the facts, the court allowed the defense counsel to make a closing argument. Counsel argued that the facts did not establish the element of intent in the attempted murder charge beyond a reasonable doubt. The defendant was convicted of all three charges.

On appeal defendant asserts that the stipulated bench trial was tantamount to a plea of guilty and as such he was entitled to be admonished pursuant to Supreme Court Rule 402 (73 Ill. 2d R. 402).

As we have observed in *People v. Daminski* (1980), 80 Ill. App. 3d 903, 400 N.E.2d 708, a stipulated bench trial is not in every case tantamount to a plea of guilty. "In a plea of guilty, the defendant waives all

errors except those of a jurisdictional nature [citation]; while in a stipulated bench trial, the defendant does not waive any errors preserved by him." (80 Ill. App. 3d 903, 905, 400 N.E.2d 708, 710.) We were again presented with the issue and again decided, in *People v. Zozak* (1981), 101 Ill. App. 3d 590, 593, 428 N.E.2d 524), that because the defendant preserved for appeal by the stipulated trial an issue which would have been waived by a plea of guilty, the trial court was not obligated to admonish the defendant under Rule 402.

■■ In this case, the defendant preserved the issue of the motion for discharge under the speedy-trial statute. The court did admonish the defendant regarding the knowing and voluntary waiver of a jury trial and his choice of retaining his defense counsel instead of going to trial *pro se*. Earlier in the day the court had admonished the defendant at length regarding the seriousness of the charges against him. Later, at the sentencing hearing, the court questioned the defendant regarding his understanding of the stipulated bench trial. Considering the entire record, we find no error by the trial court regarding the stipulated bench trial.

We therefore affirm.

Affirmed.

KARNS, P. J., and HARRISON, J., concur.