[Civ. No. 24944. Fourth Dist., Div. One. Apr. 1, 1982.]

In re STEVEN H., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
STEVEN H., Defendant and Appellant.

COUNSEL

Ronald M. McCormick, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield, Keith I. Motley and Lillian Lim Quon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WIENER, Acting P. J.**—Steven H. appeals the order declaring him to be a ward of the juvenile court and placing him on probation. (See Welf. & Inst. Code, § 602.)[1]

A petition alleged Steven came within the provisions of section 602 for possessing not more than one ounce of marijuana (Health & Saf. Code, § 11357, subd. (b)). His counsel unsuccessfully moved under section 700.1 to suppress the contraband as having been obtained in an illegal search. (See also Cal. Rules of Court, rule 1354(b).) The only evidence presented at that hearing was the oral testimony of the vice principal who had conducted the search in which four marijuana cigarettes and a small amount of marijuana in a plastic bag were found in the minor's possession. Immediately following the denial of the motion, defense counsel agreed to "submit the jurisdiction on the motion." The court responded, "I'll find him guilty."

 Analogizing the procedure used here as being the same as a "slow plea," a submission of guilt on the transcript of the preliminary hearing (see *In re Mosley* (1970) 1 Cal.3d 913, 924-925 [83 Cal.Rptr. 809, 464 P.2d 473], cert. den., 400 U.S. 905 [27 L.Ed.2d 142, 91 S.Ct. 144]), Steven says the court erred in failing to advise him of his constitutional rights before his plea. (See *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], cert. den., 398 U.S. 911 [26

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

L.Ed.2d 72, 90 S.Ct. 1708]; *In re Ronald E.* (1977) 19 Cal.3d 315 [137 Cal.Rptr. 781, 562 P.2d 684].)

The *Boykin-Tahl* principles applied to juvenile court proceedings are embodied in California Rules of Court, rule 1354(a), (c), and (d), and require that before the trial of the jurisdictional phase, the minor be advised of his right (1) to a trial by the court on the issues raised by the petition; (2) to remain silent; (3) to confront, and to cross-examine any witness that may be called to testify against him; and (4) to use the process of the court to compel the attendance of witnesses on his behalf. (Rule 1354(a).) After explaining these rights, the court must then inquire whether the minor intends to admit or deny the truth of the allegations of the petition. (Rule 1354(c).) Where the minor wishes to admit the allegations of the petition are true "[t]he court must first satisfy itself, and the minutes shall reflect, that the minor understands each of the trial rights enumerated in subdivision (a), the nature of the allegations and the direct consequences of a finding that the allegations are true, and that by admitting the truth of the allegations in the petition, the minor will be waiving those rights." (Rule 1354(c)(1).) Upon accepting the admission, the court must make specific findings noted in the minutes of the court which shall include, but are not limited to, the specific finding that the minor has knowingly and intelligently waived each of the trial rights as previously explained by the court. (§ 702; rule 1354(e)(3).)

The question of what constitutes a sufficient "admission" to trigger the need for a *Boykin-Tahl* advisement, although previously unaddressed in the juvenile context, has been considered by our state Supreme Court in several cases dealing with adults. *In re Mosley, supra*, 1 Cal.3d 913, concerned a situation where the defendant submitted the queston of his guilt based on the transcript of the preliminary hearing. The court concluded that such a submission was "tantamount to a plea of guilty" (*id.*, at p. 924) and required a *Boykin-Tahl* advisement. In *Bunnel* v. *Superior Court* (1975) 13 Cal.3d 592 [119 Cal.Rptr. 302, 531 P.2d 1086], the court came to grips with the problem posed by *Mosely*-type cases where submission on the transcript of the preliminary hearing could reasonably be construed as involving something other than a plea of guilty. ■■ ■■■■ *Bunnell* resolved that problem by promulgating a rule of criminal procedure: "[I]n all cases in which the defendant seeks to submit his case for decision on the transcript or to plead guilty, the record shall reflect that he has been advised of his

right to a jury trial, to confront and cross-examine witnesses, and against self-incrimination."[2] (*Id.*, at p. 605.)

Respondent argues *Boykin-Tahl* advisements are not necessary in this case because Steven did not admit to the truth of the allegations of the petition. Respondent explains, unlike a slow plea where the guilt is determined solely upon the court's review of the transcript of the preliminary hearing, Steven had a trial in which the court had the opportunity to observe the demeanor of the witness, permitting the determination of credibility to turn on the court's impression of the witness as contrasted with a finding determined upon a cold record. Respondent urges that on the record waiver principles are not applicable in this setting, essentially a trial situation, where defense counsel is expected to advise a defendant of his right to testify and call witnesses. (See *People v. Murphy* (1972) 8 Cal.3d 349, 365-366 [105 Cal.Rptr. 138, 503 P.2d 594].) Respondent claims acceptance of the minor's argument would result in an unwarranted and illogical extension of *Bunnell v. Superior Court, supra,* 13 Cal.3d 592.

■ Respondent's argument misconstrues the essential difference between an evidence suppression hearing and a trial on the issue of guilt. A section 700.1 proceeding, the juvenile court counterpart to the adult Penal Code section 1538.5 motion, is distinct and separate from the trial phase of a juvenile case having a different purpose with a different burden of proof (*People v. Superior Court* (1971) 18 Cal.App.3d 316, 321 [95 Cal.Rptr. 757]) established to efficiently dispose of questions involving suppression of evidence before trial with only one appellate review. (See *People v. Belleci* (1979) 24 Cal.3d 879, 884 [159 Cal.Rptr. 503, 98 P.2d 473].) The issue before the court is not the guilt of the accused but rather the propriety of the search and/or seizure. Absent a stipulation, hearsay principles generally preclude consideration of the transcript of he suppression hearing in determining the defendant's guilt. The fact that it is the trial judge who hears the suppression mo-

---

[2]The judicially created rule in *Bunnell* which mandates a defendant be advised of his constitutional rights regardless of whether the submission on the transcript is a plea of guilty or part of a trial proceeding did not erase all the distinctions between a slow plea of guilty and submission where guilt is contested. Where "a slow plea is a plea of guilty, full *Tahl* admonitions and waivers must be secured. Any error in this respect is an error of constitutional proportions. [Citation.] However, if the submission is a matter of trial convenience only and the issue of guilt or innocence is still contested, a violation of the tenets of *Bunnell* is to be tested by *Watson* standards. [Citation.]" (*People v. Orduno* (1978) 80 Cal.App.3d 738, 749 [145 Cal.Rptr. 806], cert. den., 439 U.S. 1074 [59 L.Ed.2d 41, 99 S.Ct. 849].)

tion is not determinative. ■ *Mosley* and *Bunnell* require that where a defendant submits the issue of his guilt based on the transcript of a prior hearing, thereby foregoing a contested trial, he must be given the *Boykin-Tahl* advisements.

In the present case, neither the clerk's minutes nor the transcript of the suppression motion reflect compliance with *Boykin-Tahl*. Each of the minute orders which would have permitted a checkoff showing the minor was advised of his constitutional rights was left blank. The reporter's transcript is also devoid of reference to the rights which should have been explained to the minor. Moreover, like *Mosley* and unlike *Bunnell*, the facts of this case indicate that the submission of the transcript was "tantamount to a plea of guilty." (*Mosley, supra*, 1 Cal.3d at p. 924.) Steven's defense counsel impliedly, if not expressly, acquiesced in acknowledging his client's guilt. No suggestion of a defense was proffered; no argument, legal or factual, was made.

Admittedly, once the suppression issue had been determined, cases are frequently resolved on the basis of a guilty plea. Nevertheless, it is erroneous to conceptually merge these distinct hearings into a single trial. At the conclusion of the suppression motion had Steven said he wished to admit the truth of the allegations of the petition, the court would have been required to comply with rule 1354(c)(1). Under the circumstances of this case, we conclude there is no legal difference between the minor having said "submit" rather than "admit." Because the requirements of *Boykin-Tahl* were not observed, the order must be reversed. (See *In re Francis W.* (1974) 42 Cal.App.3d 892, 903 [117 Cal.Rptr. 277].)

### Disposition

Order reversed.[3]

Work, J., and Cazares, J.,* concurred.

A petition for a rehearing was denied April 14, 1982, and respondent's petition for a hearing by the Supreme Court was denied May 26, 1982.

---

[3]In light of our disposition, we believe it unnecessary to address other issues which the minor has raised.

*Assigned by the Chairperson of the Judicial Council.