432 So.2d 720 (1983)
A.E.K., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1947.
District Court of Appeal of Florida, Third District.
June 7, 1983.
Bennett H. Brummer, Public Defender and Robin H. Greene, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
We hold that where counsel, for the avowed and singular purpose of preserving his client's right to appeal the trial court's denial of a motion to suppress the juvenile's confession, stipulates that the court determine the juvenile's guilt solely on facts proffered by the prosecutor; and where such proffered facts, to which no legal defense is made, establish beyond dispute the *721 juvenile's guilt of the crime charged in the petition for delinquency; the proceedings, which predictably and immediately concluded with an adjudication of delinquency, are a mere substitution for, and the functional equivalent of, a nolo contendere plea, requiring, therefore, that in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the record reflect that the juvenile was informed of and knowingly and intelligently waived the constitutional rights normally incident to a trial.
The operative facts are these. The court denied the juvenile's motion to suppress his confession and physical evidence obtained as a result of the confession.[1] Counsel for the juvenile then announced that his client would be entering a plea of nolo contendere to the charge, expressly reserving the right to appeal the suppression ruling. He immediately thought better of his precipitousness and brought the problem to the attention of the prosecutor, who, in turn, brought it to the attention of the court.
"[PROSECUTOR]: Your Honor, at this time, we'd like to seek some guidance from the Bench. The Defense seems to be between the proverbial rock and a hard place. I believe, they're willing to enter a nolo plea, but, feel that in so doing, they will lose their right to appeal.
... .
"THE COURT: Well, I want them to appeal. I think, that's a very interesting point that the Public Defender's made. And, I think, it ought to be appealed. Why are you losing your right to appeal?
"[DEFENSE COUNSEL]: Your Honor, in the case of Brown v. State, there's a  motion to deny suppression of a confession. It's never dispositive of the case, and, therefore, a nolo contendere plea is not appropriate preserving that right.[2]
... .
"THE COURT: I can't give you advice, then, if that's  you've got a legal problem, that you have to  even if I gave you advice, it could be bad advice.
"[PROSECUTOR]: Judge, may I point  Judge, may I proffer to the Court, if the State were to proffer after the  after the denial of the motion to suppress, if the State would proffer the facts, would his Honor make a determination, based on the facts proffered, that they're offering facts sufficient to warrant finding of guilt?
"THE COURT: Well, it doesn't make any difference to me. It's their problem, not mine.
"[DEFENSE COUNSEL]: Your Honor, I think the solution would be, if the State would proffer the facts, we will stipulate to them. Then, if we could argue our motion for judgment of acquittal, then the Court can rule as to whether or not there's sufficient evidence, and finding the Defendant guilty, or not guilty.
"THE COURT: Okay. You want to proffer the facts, and then, you're going to argue; okay? Is that all right?"
The prosecutor thereupon proffered the facts:
"[PROSECUTOR]" Your Honor, the facts in this  facts in this case are that [A.E.K.] was employed as a dish washer in a Holiday Inn. On, or about his work shift, on that day was three to eleven. The  his supervisor, and the general *722 manager of the Holiday Inn would testify that, after his work shift, very  in the early hours of the morning, he was seen walking around in an area of the Holiday Inn, where band and musical equipment was kept. The victims in the case, Mr. Parker, and Mr. Givens would testify that when they returned on that following day  same day, to play a musical engagement there, that most of their musical equipment was missing. Mr. Felton, the manager would testify that he called Mr. Givens into the office, and, as a result of conversation with  I'm sorry. Called [A.E.K.] into the office. As a result of the conversation with [A.E.K.], [A.E.K.] took the two musicians to a house where the equipment was ransomed back for forty dollars. Some time, thereafter, [A.E.K.'s] father came to Mr. Felton, and gave him a paper bag containing microphones, he said, `Here is the rest of the equipment.' Those would be the facts, Judge."
Defense counsel stipulated to the foregoing facts, renewed his motion to suppress, and moved for a judgment of acquittal, asserting, without argument, that the State "has not proven a prima facie case." The defense then rested and renewed its motions, now asserting that the State "has not proven their case beyond a reasonable doubt." The trial court found the juvenile guilty of theft, and adjudicated him to be delinquent.
At the outset, we recognize that there are instances in which a defendant through counsel may waive the penumbra of rights associated with a full-blown trial without his actions being considered the equivalent of pleading guilty or nolo contendere, so as to invoke the concomitant requirement that it be affirmatively shown that his waiver was intelligently and voluntarily made. Thus, courts have held that where the defendant's agreement to stipulate to the facts (in effect a waiver of the right to confront and cross-examine witnesses and to compel the attendance of witnesses to testify on the defendant's behalf) is found to be attributable to a legitimate trial tactic calculated to enhance the defendant's chance of acquittal, no affirmative showing that the waiver was intelligently and voluntarily made is necessary. See, e.g., Application of Reynolds, 397 F.2d 131 (3d Cir.1968). And this same conclusion has been reached where it can be fairly said that, notwithstanding the stipulation to the facts, the defendant continues to assert a viable defense to the charges, the adversary nature of the proceeding continues, and the factfinder, be it jury or court, is required to determine a genuinely contested issue.[3]See, e.g., United States v. Wray, 608 F.2d 722 (8th Cir.1979); United States v. Strother, 578 F.2d 397 (D.C. Cir.1978); United States ex rel. Burke v. Director, Department of Corrections, State of Illinois, 524 F. Supp. 804 (N.D.Ill. 1981); People v. Sullivan, 72 Ill. App.3d 533, 29 Ill.Dec. 82, 391 N.E.2d 241 (1979); People v. Ford, 44 Ill. App.3d 94, 2 Ill.Dec. 645, 357 N.E.2d 865 (1976). Accord, United States v. Dorsey, 449 F.2d 1104 (D.C. Cir.1971).
Where, however, as in the present case, no viable defense offering an even arguable chance for acquittal existed or, otherwise stated, the stipulated facts were dispositive of the defendant's guilt; the defense motions for judgment of acquittal were perfunctory in nature, calculated not to evoke a favorable decision on a genuinely disputed issue, but rather to preserve the record for appeal[4]; and the defendant's maintenance *723 of his not guilty position in conjunction with the stipulated facts was expressly an alternative to a nolo contendere plea; we consider that, under the totality of the circumstances, the proceedings below were the functional equivalent of a nolo contendere plea requiring an affirmative showing that this plea, masquerading as a trial, was intelligently and voluntarily made by the defendant himself with full understanding of the rights being waived.[5]See Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 313 (1966); United States v. Brown, 428 F.2d 1100 (D.C. Cir.1970); Julian v. United States, 236 F.2d 155 (6th Cir.1956); People v. Sutton, 169 Cal. Rptr. 656, 113 Cal. App.3d 162 (1980); Bunnell v. Superior Court of Santa Clara Cty., 13 Cal. App.3d 592, 119 Cal. Rptr. 302, 531 P.2d 1086 (1975); In re Steven H., 130 Cal. App.3d 449, 181 Cal. Rptr. 719 (1982); Glenn v. United States, 391 A.2d 772 (D.D.C. 1978); Sutton v. State, 289 Md. 360, 424 A.2d 755 (1981); Commonwealth v. Duquette, 386 Mass. 834, 438 N.E.2d 334 (1982).
Accordingly, since the record is totally lacking in any showing that the juvenile was informed of and knowingly and intelligently waived the constitutional rights attendant to a trial, we reverse the adjudication of delinquency and remand the cause for further proceedings consistent with this opinion.
NOTES
[1] The confession was made by the juvenile to the manager of the Holiday Inn restaurant where the juvenile was employed. The theory of the motion to suppress was that the confession was involuntary, since induced by the promise of the victims of the crime that if the juvenile returned the items he had stolen, they would not press charges.
[2] The parties apparently overlooked the impact of Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), aff'd, 392 So.2d 1324 (Fla. 1981), upon Brown v. State, 376 So.2d 382 (Fla. 1979). In Jackson, the court concluded that a stipulation by the parties that the case could not be prosecuted without the confession enabled the ruling on the motion to suppress the confession to be dispositive of the case and thus one which could be preserved by a nolo contendere plea. See Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982) (en banc) (reiterating the Jackson rule). From what we can discern of the facts in the present case, it is likely that the State would have stipulated that without the confession and its fruits, they would not proceed with the prosecution.
[3] Some courts have held that a totally uncontested trial based on stipulated facts can never be considered tantamount to a nolo contendere or guilty plea, since a trial, in any form, unlike a nolo contendere or guilty plea, does not foreclose an appeal. See United States v. Sanza, 519 F. Supp. 26 (D.C.Md. 1980); People v. Garrett, 104 Ill. App.3d 178, 60 Ill.Dec. 406, 432 N.E.2d 1305 (1982). Since in Florida appeals can be taken from nolo contendere pleas where the right to appeal an issue is expressly reserved, there exists no impediment to our considering the proceedings below as the functional equivalent of, at least, a nolo contendere plea.
[4] Presumably, defense counsel's motions for judgment of acquittal made at the conclusion of the State's proffer and the entire case were designed solely to preserve the defendant's right to contest the sufficiency of the remaining evidence in the event that the appellate court were to overturn the trial court's denial of the motion to suppress the juvenile's statement and the fruits thereof. See State v. Barber, 301 So.2d 7 (Fla. 1974); Mancini v. State, 273 So.2d 371 (Fla. 1973); Estrada v. State, 400 So.2d 562 (Fla. 3d DCA 1981).
[5] Since the totality of circumstances in the present case clearly demonstrates that the trial proceedings were tantamount to a nolo contendere plea, it is unnecessary for us to consider whether even though the proceedings are not deemed to be the functional equivalent of a guilty or nolo contendere plea, a defendant must, as some courts have held, be fully advised as to the rights being waived and be found to have knowingly and intelligently waived them. See, e.g., Achtien v. Dowd, 117 F.2d 989 (7th Cir.1941); United States v. Sanza, 519 F. Supp. 26, State v. Avila, 127 Ariz. 21, 617 P.2d 1137 (1980); People v. Smith, 70 Cal. App.3d 306, 138 Cal. Rptr. 783 (1977); People v. Garrett, 104 Ill. App.3d 178, 60 Ill.Dec. 406, 432 N.E.2d 1305; Commonwealth v. Tate, 487 Pa. 555, 410 A.2d 751 (1980). See also Witherspoon v. United States, 633 F.2d 1247 (6th Cir.1980).