The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Vincent DENTON, Defendant–Appellant.

No. 87CA0717.

Colorado Court of Appeals,
Div. II.

May 19, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Law Offices of Worstell & Dunning, R. Scott Nelson, Denver, for defendant-appellant.

KELLY, Chief Judge.

Contesting the denial of his motions for continuance after he had been permitted to proceed pro se, defendant, Vincent Albert Denton, appeals a judgment of conviction for misdemeanor theft. We affirm.

At a motions hearing two weeks before trial, defendant requested the withdrawal of his public defender because of a disagreement over trial tactics. Defendant did not clearly indicate whether he wished or intended to retain private counsel, but asked to proceed pro se. The trial court granted defendant's request after an extended discussion about defendant's right to an attorney, the disadvantages of self-

representation, and the fact that trial would proceed as scheduled.

Defendant immediately requested continuances of both the trial date and the motions hearing. The trial court refused, stating that the trial date had been set for a considerable time, that defendant chose to discharge his competent public defender of six months, and that it was through his own choice that the defense would be unprepared for the motions hearing. Defendant's renewed request for a continuance on the morning of trial was also denied.

Defendant contends that the trial court's refusal to grant either continuance was error, both because it denied him adequate time to prepare and violated his constitutional right to counsel. We disagree.

The grant or denial of a motion for continuance rests within the sound discretion of the trial court and will not be overturned on review absent an abuse of that discretion. *People v. Staten*, 746 P.2d 1362 (Colo.App.1987). In addition, a defendant must also demonstrate actual prejudice arising from denial of the continuance. *People v. Dillon*, 633 P.2d 504 (Colo.App. 1981).

The trial court's discretion extends to continuances requested in order to replace either retained or appointed counsel with new counsel. *Raullerson v. People*, 157 Colo. 462, 404 P.2d 149 (1965); *Baca v. People*, 139 Colo. 111, 336 P.2d 712 (1959). And, because a pro se defendant is entitled to no greater safeguards or benefits than if he were represented by counsel, *People v. Romero*, 694 P.2d 1256 (Colo.1985), the same discretionary standard governs such a defendant's requests for continuance. *People v. Garrett*, 104 Ill.App.3d 178, 60 Ill.Dec. 406, 432 N.E.2d 1305 (1982); *Irvin v. State*, 584 P.2d 1068 (Wyo.1978); *contra People v. Fulton*, 92 Cal.App.3d 972, 155 Cal.Rptr. 327 (1979).

Further, although a trial court's denial of a continuance to discharge or substitute counsel may implicate the Sixth Amendment right to counsel, no abuse of discretion will be found unless the denial is so arbitrary as to deny the accused due process of law. *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

Here, the trial court's denial of continuances was not so arbitrary as to violate defendant's due process rights. The trial court warned it would tolerate no delay because of the change in representation. Nevertheless, defendant chose to proceed pro se, refusing even the advisory services of the public defender. And, because defendant's ground for discharging counsel was not substantial, but based solely on disagreement over trial tactics, he had competent counsel prepared to try the case when the continuance was requested. *See People v. Medina*, 44 N.Y.2d 199, 404 N.Y. S.2d 588, 375 N.E.2d 768 (1978).

Moreover, the relative simplicity of the case against defendant afforded ample pretrial preparation time. Had defendant diligently sought and obtained new counsel, two weeks' time to prepare for trial in a case previously prepared by the public defender was more than adequate. *See United States v. Martin*, 740 F.2d 1352 (6th Cir.1984), *cert. denied*, 472 U.S. 1029, 105 S.Ct. 3506, 87 L.Ed.2d 636. Likewise, in preparing to represent himself, defendant had access to all material previously prepared by the public defender and to the services of the public defender's investigator.

Finally, defendant has failed to demonstrate actual prejudice at trial or the motions hearing. While he generally complains of a lack of time to prepare, his inability to contact witnesses, and his inability to have access to a law library, he makes no showing of how additional time would have helped his defense efforts. *See People v. Dillon, supra.*

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.